OPINION OF THE COURT
Dan Lamont, J.
The People bring this motion pursuant to CPL 170.15 (subd 3, par [a]) for an order transferring the above-entitled action from the Town Court of the Town of Esperance to another designated criminal court of the county for disposition, upon the ground that the only Justice of the Town Court of Esperance is disqualified.
At first blush, this motion would appear rather routine and apt to encounter no resistance at all from defendant. However, the defendant herein, Charles P. Myles, opposes the People’s application upon the ground that no criminal action is pending in the Town Court having trial jurisdiction thereof, to wit: the Town of Esperance.
The purpose and effect of CPL 170.15 (subd 3) is to provide for the transfer of jurisdiction for an action pending in a local criminal court having trial jurisdiction thereof to another local criminal court within the county for disposition, thereby transferring trial jurisdiction over *961 the defendant and the alleged offenses to another local criminal court.
The basic, indispensible prerequisites of jurisdiction are: (1) the proper filing of an accusatory instrument; (2) securing the appearance of the defendant; and (3) arraignment of defendant — all of which must be accomplished pursuant to law. (See CPL generally.)
The moving papers do not contain copies of the accusatory instruments; however, no charge against defendant is a felony, and both parties state that the offenses charged therein were allegedly committed within the Town of Esperance. Therefore, the only local criminal court with trial jurisdiction is the Town Court of the Town of Esperance.
The filing of the local criminal court accusatory instruments herein was with the Town Court of the Town of Sharon. A warrant of arrest was thereupon issued by the Town Court of Sharon, and the defendant Charles P. Myles was arrested thereon, and arraigned in the Town Court of Sharon.
A local criminal court accusatory instrument may be filed with a Town Court when an offense charged therein was allegedly committed in such town (CPL 100.55, subd 4). While authority exists to file a local criminal court accusatory instrument with the Town Court of any adjoining town of the same county for purposes of obtaining a warrant (CPL 120.30, subd 2) or upon an arrest without a warrant (CPL 140.20, subd 1, par [a]), this court will take judicial notice of the fact that the Town of Sharon does not adjoin the Town of Esperance.
The Town Court of the Town of Sharon could not remit the action to the Town Court of Esperance pursuant to CPL 170.15 (subd 1) because defendant when arrested was not before the Town Court of Sharon “owing to special circumstances and pursuant to law”. (CPL 170.15, subd 1.) This court construes the words “pursuant to law” as used in CPL 170.15 (subd 1) to refer to the special circumstances wherein the Town Court of an adjoining town has preliminary jurisdiction in certain arrest sitúa *962 tians previously mentioned. (See CPL 120.30, subd 2; 140.20, subd 1, par [a].)
The local criminal court accusatory instruments were not filed before a local criminal court having either preliminary or trial jurisdiction, and the defendant was not arraigned before a local criminal court having preliminary or trial jurisdiction. Accordingly, the defendant’s contention that no accusatory instruments are pending in the Town Court of the Town of Esperance appears indisputable.
Therefore, the People’s motion pursuant to CPL 170.15 (subd 3, par [a]) must be denied because no local criminal court accusatory instrument upon which defendant has been arraigned is pending in a Town Court having trial jurisdiction thereof. The unauthorized filing in the town of Sharon cannot subsequently result in jurisdiction over the person of the defendant in any local criminal court. CPL 170.15 (subd 3) provides authority for this court to transfer jurisdiction, but confers no authority to create jurisdiction in another local criminal court when jurisdiction has not previously existed.
The motion to transfer is denied, without prejudice to the People to renew the motion upon commencement of a proceeding in the proper local criminal court.
Defendant cross-moves this court to dismiss the local criminal court accusatory instruments: (1) pursuant to CPL 170.30 (subd 1, par [a]) upon the ground that they are defective within the meaning of CPL 170.35 (subd 1, par [b]); (2) pursuant to CPL 170.30 (subd 1, par [f]) upon the ground of “jurisdictional or legal impediment to conviction of the defendant for the offense charged”; and (3) pursuant to CPL 170.30 (subd 1, par [g]) and 170.40 (subd 1) in the furtherance of justice. Defendant’s motions to dismiss should be addressed to the local criminal court wherein the accusatory instruments are filed. (See CPL 170.30, subd 1.) The CPL contains no authority for this court to sit as a local criminal court for the purpose of hearing such motions. Nor can this court prematurely exercise appellate jurisdiction and address such questions prior to a final judgment or order having been entered in *963 a Town Court. Accordingly, defendant’s cross motion must be denied, without prejudice to renew such objection upon a proper appeal from a final judgment or order of a local criminal court.