OPINION OF THE COURT
William D. Friedmann, J.
On October 21, 1980 defendant was arraigned upon a felony complaint accompanied by supporting deposition which charged him with violating sections 155.30 (grand larceny), 165.45 (criminal possession of stolen property), 165.05 (unauthorized use of a vehicle), 145.00 (criminal mischief) and 140.35 (possession of burglar’s tools) of the Penal Law. On November 13,1980 the felony charges were reduced to misdemeanor level and the nonfelony charges were retained. On April 23, 1981 the court “deemed” the complaint with its supporting deposition converted to an information. Defendant now moves for a dismissal of all charges under CPL 170.30 (subd 1, par [e]) for failure to grant him a speedy trial within the mandates of CPL 30.30.
In support of his motion, defendant argues that no information existed prior to the court’s “deeming” the complaint an information on April 23,1981. Absent this information, *696 the People’s prior declarations of readiness are invalid. Defendant additionally argues that there are no periods of delay to be excluded in calculating the 90-day period since the time during which the People delay in procuring a proper accusatory instrument is chargeable to them regardless of the status of the defendant.
The instant criminal proceeding commenced on October 21, 1980 with the filing of a hearsay felony complaint together with a supporting deposition. This felony complaint is a sufficient basis to initiate the criminal proceedings but is an insufficient basis for prosecution. (CPL 100.10, subd 5.) If the felony charges are subsequently reduced to misdemeanor level, the defendant is entitled to prosecution by information. (CPL 170.65; People v Weinberg, 34 NY2d 429.)
On November 13, 1980 the felony charges were reduced by the court upon motion of an Assistant District Attorney and the original misdemeanor charges were retained.
GPL 180.50 (subd 3) enumerates the ways in which a charge is reduced from a felony to a nonfelony offense. If the papers before the court make out a nonhearsay prima facie case, then the reduction is governed by GPL 180.50 (subd 3, par [a]) and results in either an information or a prosecutor’s information. If the allegations rest upon hearsay or otherwise fail to make out a prima facie case, the reduction is governed by GPL 180.50 (subd 3, par [b]) and results in a misdemeanor complaint.
In the instant case, the reducing court was in possession of a felony complaint which contained hearsay and a deposition which provided nonhearsay support for the hearsay allegations in the felony complaint. Taken together, these two documents satisfy the requirements of GPL 180.50 (subd 3, par [a]). Accordingly,' these charges could have been reduced by the court (i) directing the People to file a prosecutor’s information or (ii) requesting the complainant to file an information or (iii) converting the felony complaint into an information by appropriate notations or attachments. The court neither so directed the People nor so requested the complainant. The charges were therefore necessarily reduced pursuant to GPL 180.50 (subd 3, par [a], cl [iii]).
*697 CPL 180.50 (subd 3, par [a], cl [iii]) quite specifically states that when a reducing court by notation or attachment changes the title of the felony complaint to “Information” and-changes the names of the offenses charged, that court has converted the felony complaint into an information. Where such specificity and clarity exists, the court must so construe the statute as to give effect to the plain meaning of the words used. (Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205.)
On November 13, 1980 the reducing court attached a “blueback” to the felony complaint and its supporting deposition. Such “blueback” is formally denominated “Information.” The court also wrote in the names of the new charges on this “blueback.” Under the specific language of CPL 180.50 (subd 3, par [a], cl [iii]), an information came into existence at that moment.
Defendant’s argument that an information came into existence only after the court “deemed” the accusatory instrument an information does violence to basic rules of statutory construction. The reduction of charges in the instant case is governed by CPL article 180. Nowhere in this article is a requirement that a court verbally “deem” an instrument an information before that instrument becomes an information. A statute should not be extended by construction beyond its express terms or the reasonable implications of its language. (McKinney’s Cons Laws of NY, Book 1, Statutes, §94.) •
Defendant’s reliance on the specious arguments in People v Ryff (100 Misc 2d 505) is to no avail. Ryff, in attempting to unnecessarily reconcile two distinct statutory provisions — CPL 180.50 (subd 3, par [a]) and 170.65 (subd 1) — resorts to an artificial construction which is being read to impose on a court the requirement that it utter the magic word “deemed” before an information may come into existence under CPL 180.50 (subd 3, par [a], cl [iii]).
Quite simply stated, CPL 180.50 (subd 3, par [a]) deals with reduction from a felony complaint directly to an information or a prosecutor’s information. It does not deal with misdemeanor complaints. CPL 170.65 (subd 1) deals with misdemeanor complaints and provides that if the *698 allegations of the misdemeanor complaint supplemented by a supporting deposition fulfill all the requirements for a valid information, then that misdemeanor complaint is “deemed to have been converted to and to constitute a replacing information.” The information exists in both instances because the accusatory instruments fulfill the statutory requirements, not because they have been declared by the court to so fulfill those requirements.
In sum, an information came into existence through the actions of the reducing court on November 13, 1980. CPL 30.30 (subd 5, par [c]) requires the People to be ready for trial within 90 days of the filing of a new accusatory instrument following the reduction of felony charges. In computing this 90-day limit, certain periods must be excluded. (CPL 30.30, subd 4.)
From the date of reduction to the date of motion, the People have demonstrated that they have been continuously ready for trial except for a two-week period from December 8, 1980 to December 22, 1980. The People have therefore met their CPL 30.30 obligation. (People v Berkowitz, 50 NY2d 333; People v Brothers, 50 NY2d 413.)
Defendant’s questionable contention, again in reliance on People v Ryff (100 Misc 2d 505, supra), that the period of delay in procuring a proper accusatory instrument is chargeable to the People regardless of the status of the defendant is without relevance to the determination of the present motion.
Defendant’s motion to dismiss all charges under CPL 30.30 is hereby denied.