OPINION OF THE COURT
William D. Friedmann, J.
On August 28, 1980, the defendant was arraigned on a hearsay misdemeanor complaint (Docket No. 0X022415) charging a violation of section 165.40 of the Penal Law (criminal possession of stolen property in the third degree) and on a nonhearsay felony complaint (Docket No. 0X022414) charging a violation of section 220.06 of the Penal Law (criminal possession of a controlled substance in the fifth degree). On September 30,1980, the court granted the People’s motion to reduce the felony charge to misdemeanor level pursuant to CPL 180.50 (subd 3). The defendant now moves for an order dismissing both docket numbers under CPL 170.30 (subd 1, par [e]) in that the People *801 have not been ready for trial as required by CPL 30.30 (subd 1, par [b]).
In support of his motion with respect to Docket No. 0X022415, the defendant, who did not waive prosecution by information as to this docket, argues that the People have failed to timely file the required misdemeanor information and that more than eight months have passed since his arraignment. Hence, he contends, the People have never been ready to proceed to trial, as no sufficient accusatory instrument ever existed, and therefore, dismissal is mandated by CPL 30.30 (subd 1, par [b]).
The People, in their answering affirmation and memorandum of law, acknowledge that they have not yet filed a sufficient accusatory instrument as to Docket No. 0X022415 pursuant to CPL 170.65 (subd 1). Also, they do not dispute the fact that the defendant did not waive prosecution of this charge by information (see CPL 170.65, subd 3). However, the People contend that defendant’s motion should be granted as to Docket No. 0X022415 for the same reasons as those advanced by the defendant. This court does not agree.
While defendant’s reasoning appears somewhat persuasive at first reading, its flaw lies in its failure to consider CPL 30.30 (subd 4). This section excludes certain periods of delay in computing the time under CPL 30.30 (subds 1,2). Accordingly, it is the opinion of this court that, in computing the timé within which the People must be ready for trial, the People are entitled to exclude those periods of delay which the statute permits regardless of the sufficiency of the accusatory instrument. Thus, although the defendant alleges that more than eight months have elapsed since the date of his arraignment without a filing by the People of a sufficient accusatory instrument upon which to proceed to trial, this in itself does not entitle the defendant to a dismissal of Docket No. 0X022415 pursuant to CPL 30.30. (See CPL 210.45 (subd 5; CPL 30.30, subd 4). Defendant’s moving papers must allege more than the mere passage of time; there must be sworn and specific allegations of unexcused delay to shift the burden to the People. (People v Lomax, 50 NY2d 351; People v Dean, 45 NY2d 651).
*802 Concerning Docket No. 0X022414, defendant argues that “the People do not have, and have not had since the reduction of the felony charge to misdemeanor level” on September 30, 1980, a sufficient accusatory instrument with which to proceed to trial. Relying on CPL 180.50, he contends that “none of the statutory methods of conversion of a complaint to an information have been followed.” (See CPL 180.50, subd 3, par [a]). Hence, the defendant argues, the People have never been ready, despite their claimed readiness, and dismissal is warranted under CPL 30.30 since more than seven months have elapsed from the time of reduction on September 30, 1980. Defendant additionally argues that there are no periods of delay to be excluded in calculating the 90-day period since all the time during which the People delay in procuring a proper accusatory instrument is chargeable to them regardless of any delay caused by the defendant. Again, this court cannot agree with defendant’s reading of the relevant statutes and his statement of the facts.
Concerning Docket No. 0X022414, when this felony charge was reduced to misdemeanor level on September 30, 1980, the court had before it a nonhearsay felony complaint. This complaint satisfied the requirements of CPL 180.50 (subd 3, par [a]). Accordingly, this charge could have been reduced by the court (i) directing the People to file a prosecutor’s information or (ii) requesting the complainant to file an information or (iii) converting the felony complaint into an information by appropriate notations or attachments. The court neither so directed the People nor so requested the complainant. The charge was therefore necessarily reduced pursuant to CPL 180.50 (subd 3, par [a], cl [iii]).
CPL 180.50 (subd 3, par [a], cl [iii]) quite specifically states that when a reducing court by notation or attachment changes the title of the felony complaint to “Information” and changes the names of the offenses charged, that court has converted the felony complaint into an information. Where such specificity and clarity exists, this court must so construe the statute as to give effect to the plain meaning of the words used. (See Patrolmen’s Benevolent Assn. of City of N. Y. v City of New York, 41 NY2d 205).
*803 On September 30,1980, the reducing court attached a “blueback” to the felony complaint. Such “blueback” is formally denominated an “information.” The court also wrote in the name of the new charge on this “blueback.” Under the specific language of CPL 180.50 (subd 3, par [a], cl [iii]), an information came into existence at that moment.
Defendant’s argument that an information came into existence only after the court “deemed” the accusatory instrument an information does violence to basic rules of statutory construction. The reduction of charges in the instant case is governed by CPL article' 180. Nowhere in this article is a requirement that a court verbally “deem” an instrument an information before that instrument becomes an information. A statute should not be extended by construction beyond its express terms or the reasonable implications of its language. (McKinney’s Cons Laws of NY, Book 1, Statutes, §94.) Defendant’s reasoning resorts to an artificial construction which is being read to impose on a court the requirement that it utter the magic word “deemed” before an information may come into existence under CPL 180.50 (subd 3, par [a], cl [iii]).
Quite simply stated, CPL 180.50 (subd 3, par [a]) deals with reduction from a felony complaint directly to an information or a prosecutor’s information. It does not deal with misdemeanor complaints. CPL 170.65 (subd 1) deals with misdemeanor complaints and provides that if the allegations of the misdemeanor complaint supplemented by a supporting deposition fulfill all the requirements for a valid information, then that misdemeanor complaint is “deemed to have been converted to and to constitute a replacing information.” The information exists in both instances because the accusatory instruments fulfill the statutory requirements, not because they have been declared by the court to so fulfill those requirements. In sum, an information came into existence through the actions of the reducing court on September 30, 1980.
Nevertheless, the defendant waived prosecution by information pursuant to CPL 170.65 at the time the felony charge was reduced to misdemeanor level. Accordingly, the defendant may properly be prosecuted on the basis of the *804 accusatory instrument before the court. This court notes, however, that the fact of the sufficiency of the accusatory instrument, whether under CPL 180.50 or 170.65, does not alter the People’s obligation to be ready under CPL 30.30.
In light of all the above and in the interests of justice, the court reserves decision on defendant’s motion with respect to both dockets pending the submission of further papers by the defendant if he so desires which allege specific periods of unexcused delay, if any, and answering papers by the People which controvert defendant’s allegations.