OPINION OF THE COURT
Richard D. Carruthers, J.
The defendant’s motion for an order dismissing the information on the ground that the People inexcusably failed to bring him to trial within the time limits specified in CPL 30.30 is granted.
Maurice Egerton was arrested on September 22, 1982. He was arraigned the following day in Criminal Court on a felony complaint. The charges contained in the complaint were criminal possession of a weapon in the third degree (Penal Law, § 265.02, subd 1), and menacing (Penal Law, § 120.15). Bail was set at $7,500. The case was then adjourned to Part API for September 28.
On September 28, 1982, the defendant was released on his own recognizance, pursuant to CPL 180.80, because the District Attorney had not obtained an indictment. The case was adjourned to October 18. On October 18, the District Attorney informed the court that she had done nothing *463 more with the case. The defendant then decided to waive his right to a preliminary hearing. This court’s file was thereupon sent to the Grand Jury.
On December 23,1982, almost two months after the case last appeared on the Criminal Court’s calendar, an Assistant District Attorney brought an ex parte motion before Supreme Court, Kings County, requesting that that court order the case returned to Criminal Court without presentation to the Grand Jury. In an affirmation submitted in support of the motion, the Assistant District Attorney noted that “Defense Counsel waived the matter to the Grand Jury and the case was transferred to the Supreme Court for Grand Jury action.” She then asserted that the complainant no longer wished to press the menacing charge. She further stated that the Criminal Court would be a proper forum for adjudication of the weapons charge because “[t]he only charge that can be presented to the Grand Jury without the complainant’s testimony is Criminal Possession of a Weapon in the Fourth Degree, a misdemeanor.” The Supreme Court (Hon. Elliott Golden, J.), granted the application on December 27, and ordered that the case be referred to Part AP2 of the Criminal Court. The case thereafter appeared on the calendar of Part AP2 on January 27, 1983.[1]
The accusatory instrument brought before the Criminal Court on January 27,1983, was the same felony complaint upon which the defendant had been arraigned on September 23,1982. The record of the case shows that the District Attorney did not move to reduce the felony weapons charge to criminal possession of a weapon in the fourth degree, a class A misdemeanor, until July 6,1983. When the District Attorney finally so moved, the court granted the motion and converted the felony complaint to a misdemeanor information. The District Attorney announced on that same occasion that she was ready for trial.
*464 Under CPL 30.30 (subd 1), a defendant’s motion to dismiss an information charging a class A misdemeanor must be granted where the People are not ready for trial within “ninety days of the commencement” of the case. Section 30.30 provides that certain periods of delay are to be excluded by the court when called upon to determine whether 90 days have elapsed without the People having declared their readiness for trial. Significantly, CPL 30.30 (subd 5, par [c]) indicates that where, as in this case, a criminal action is commenced by the filing of a felony complaint and the felony complaint is subsequently converted into an information, periods of delay caused by the People before the conversion normally are to be excluded. However, the same paragraph further specifies that the People will be held accountable for any delay which they caused before the reduction of the felony charge if the total period of delay attributable to them — whether the delay occurred before or after the reduction of the charge — exceeds six months.
Here, the court file shows that the People are responsible for none of the delay that occurred after July 6, 1983, the date on which the felony complaint was converted to a misdemeanor information. Because the delay from the commencement of the case in September, 1982 to the conversion of the felony complaint to an information in July, 1983 was almost 10 months, the central question is whether more than six months of this time is chargeable to the People. If the delay attributable to the People before the conversion is less than six months, the court would be required to exclude the preconversion delay in calculating whether the People violated the requirement that they be ready for trial within 90 days from the commencement of the case.
In People v Colon (110 Misc 2d 917, revd 112 Misc 2d 790, revd 59 NY2d 923), the court held that the delay caused by a prosecutor’s failure to file an accusatory instrument upon which a defendant could be tried is to be charged to the People. The court reasoned that although the prosecutor may be ready for trial in all other respects, his tardiness in filing such an accusatory instrument deprives the court of trial jurisdiction and thereby impedes the prompt disposition of the case. As the court stated (p 920):
*465 “The Criminal Court clearly has no jurisdiction to take to trial a defendant who is charged only by a complaint and who has not waived the filing of a sufficient information. (See CPL 1.20, subds 7, 24; 100.10, subd 4; 170.10, subd 4, par [d]; 170.65, subd 1.) Without his having provided the court with a basis for exercising such jurisdiction the District Attorney cannot be ready for trial in a misdemeanor case. [Citations omitted.]
“Responsibility to confer upon the Criminal Court jurisdiction to try misdemeanor cases rests squarely upon the shoulders of the District Attorney. Like any other prosecuting litigant in an action of any nature (civil as well as criminal) he must file an accusatory instrument sufficient in its allegations to give the court reason to exercise its jurisdiction.” (See People v Sturgis, 38 NY2d 625.)
CPL 100.10 (subd 5) defines a felony complaint as “a verified written accusation by a person, filed with a local criminal court, charging one or more other persons with the commission of one or more felonies.” Although, according to the same subdivision, a felony complaint “serves as a basis for the commencement of a criminal action,” it simply is “not * * * a basis for prosecution thereof.” Thus, the District Attorney’s failure in this case promptly to request the court to convert the felony complaint to a misdemeanor information should be viewed in the same light as the failure by the prosecutor in Colon (supra) to have the misdemeanor complaints that were the subject of litigation in that case converted to misdemeanor informations. In other words, the time wasted by the District Attorney must be charged to the People. The court finds that the entire 10 months from September, 1982 to July, 1983 is so chargeable.[2]
*466 The District Attorney presents two arguments against charging the preconversion time to the People. Neither has merit. She first points out that shortly after the defendant’s arrest she filed a corroborating affidavit that was obtained from the complainant, and contends that this act in itself “converted the felony complaint into a legal accusatory instrument.” The District Attorney evidently makes this argument because it was the prosecutor’s failure to file corroborating affidavits which caused the court in Colon (supra) to find that the complaints had not been converted to informations. However, the filing of the complainant’s corroborating affidavit in this case did not serve to reduce the felony weapons charge to a misdemeanor. Therefore, despite the filing of the corroborating affidavit, the accusatory instrument continued to be a felony complaint until July, 1983, when the court — at the District Attorney’s belated request — reduced the charge and converted the complaint to a misdemeanor information.[3] The District Attorney’s second argument is based upon the fact, as reflected in the court file, that the defendant failed to attend court on several occasions prior to the conversion. The District Attorney says that the delay which defendant supposedly caused by his absences should not be charged to the People. “However,” as the court stated in Colon (110 Misc 2d, at p 921) in response to a similar argument, “CPL 30.30 (subd 4, par [c]) specifically excuses the People from the obligation it creates only if the defendant’s absence is the cause of the delay in the People’s answering ready (see People v Osgood, 52 NY2d 37, 41; People v Sturgis, 38 NY2d 625, supra).” As was true in Colon, the defendant’s absences did not contribute in any way to the District Attorney’s failure to be ready for trial upon an appropriate accusatory instrument.
Because more than six months of delay is attributable to the inactivity of the District Attorney, the conversion of the complaint to an information on July 6, 1983, cannot serve as the starting point for calculating whether there *467 has been a violation of CPL 30.30 (subd 1). Rather, the entire delay enters into the calculation. (CPL 30.30, subd 5, par [d].) This delay exceeds the 90 days within which the People were required to have been ready for trial. (CPL 30.30, subd 1, par [b].) Thus, the case must be dismissed.

. In her response to the defendant’s motion to dismiss, the District Attorney asserts that the case had been adjourned by the Criminal Court from October 18, 1982, to January 27,1983, “presumably for reasons of calendar congestion and defense motions.” The facts show that the District Attorney is wrong. The application of the Assistant District Attorney who requested that the case be returned to Criminal Court and the order granting that application are contained in this court’s file. It would be reasonable to expect that copies were retained by the District Attorney’s office. Thus, the District Attorney’s misstatement is inexplicable.

. As noted earlier, in papers submitted to the Supreme Court in support of the December 23, 1982 ex parte motion, an Assistant District Attorney asserted that the complainant on the menacing charge no longer wished to proceed, and that the only viable charge was the misdemeanor of criminal possession of a weapon in the fourth degree. Although it is arguable that delay caused by the complainant’s reluctance to proceed should not be charged to the People, the District Attorney has failed to provide this court with any information as to how long the case actually was delayed by the complainant or, for that matter, as to why it took her office three months — from the commencement of the case in September, 1982 to the date of the ex parte motion — to decide to go forward with the misdemeanor weapons charge. In any event, the delay from the filing and granting of the ex parte motion to the belated conversion of the complaint to an information in July, 1983, exceeds six months. (See CPL 30.30, subd 5, par [c].)

. Of course, the complainant’s subsequent refusal to go forward with the case had a bearing only upon the menacing charge. The prosecution of the weapons charge could have gone forward upon the statement of the arresting officer that is contained in the felony complaint had the District Attorney promptly moved to reduce the charge to a misdemeanor.