OPINION OF THE COURT
Ronald Aiello, J.
The defendant has brought a motion to dismiss the indictment, pursuant to CPL 30.30 (subd 1, par [a]) contending that he has not been brought to trial within the statutorily required time of six months.
On June 23,1982, a felony complaint was lodged against the defendant and others and he was arraigned in Criminal Court on June 25, 1982. The parties concede that this commenced the action for speedy trial purposes.
CPL 30.30 requires that the prosecution be ready for trial within six months of commencement of the criminal action. Therefore, it was the People’s obligation to be ready by December 25, 1982, some 183 days after commencement, as the delay is to be calculated on the basis of calendar months. (People v Smith, NYLJ, Oct. 24, 1983, p 15, col 5.)
Once the defendant demonstrates that six months have elapsed and the prosecution has not announced readiness for trial, the burden falls on the prosecutor to show that specific time periods which contribute to the delay are excludable, pursuant to various provisions of CPL 30.30.
On June 28, 1982, index No. 3371/82 was filed. On June 29, the case was transferred to the Supreme Court. The *545 three days from commencement to indictment are attributable to the People, as they concede. The case was adjourned to July 7, 1982 for arraignment. On July 7, the defendant was arraigned on the indictment and the time from June 28,1982 to July 7,1982, is not chargeable to the People. On July 7, the case was adjourned to July 21,1982, but the defendant, on July 12, 1982, brought a motion to dismiss pursuant to CPL 190.50. The time from July 7 to July 12, is chargeable to the People. On July 21,1982, the defendant’s attorney was relieved and new counsel assigned to the case, and the case adjourned to August 4, 1982. This time is excludable pursuant to CPL 30.30 (subd 4, par [f]). On August 4, the case was adjourned to August 16, 1982, as the People had not answered the defendant’s motion. This time is chargeable to the People. On August 16, the indictment was dismissed with leave to present to a new Grand Jury.*
On January 4, 1983, a new indictment was filed as to this defendant (No. 6688/82). One hundred forty-one days had elapsed since the prior indictment was dismissed. The People argue that this delay falls within the exception of CPL 30.30 (subd 4, par [g]) which excludes delay due to exceptional circumstances, including the unavailability of evidence material to the People’s case. The People argue that, after the original indictment was dismissed, efforts to procure the victim’s attendance before another Grand Jury were unsuccessful. He ignored calls and subpoenas from the prosecutor’s office. It was not until December 15,1982, that he appeared and disclosed that he had received threats to his family and himself in the form of telephone calls purportedly from the defendant, as well as visits from the defendant himself, and another individual. Allegedly the complainant received approximately five telephone calls of this nature per week, from June until November, 1982. The complainant testified in the Grand Jury and on January 4, 1983, a new indictment was filed as well as another indictment for attempted coercion and tampering with a witness, against the same defendant..
On January 5, 1983, the case against the codefendants appeared in the Complex Part. The People answered ready *546 on that date and it is their position that their announcement of readiness was also effective as to this defendant. The court disagrees. Although the defendant had been reindicted, he had not yet been arraigned on the new charges and was not within the jurisdiction of the court. Likewise, the new indictment had not been consolidated into the instant indictment. The People could not have proceeded against the defendant on this indictment on January 5, 1983, and it was necessary for them to answer ready as to this defendant, when he had once again become part of this case.
On January 25, 1983, the defendant was arraigned on index No. 6688/82. The People are not chargeable with the time from January 4, 1983 to January 25. The case was adjourned to February 3, 1983 and then to March 16. On February 9, 1983, the People moved to consolidate No. 6688/82 into No. 3371/82. The People concede they are chargeable with the time from arraignment to the filing of the motion, 15 days later. However, the time from the filing of the motion, February 9, 1983, to the order granting consolidation, February 18, 1983, a total of nine days, is excludable under CPL 30.30 (subd 4, par [a]). The case was on again on March 3, 1983. The People concede they are chargeable with the time from consolidation to March 3, a total of 13 days. On March 3, 1983, the defendant’s attorney was on trial and the case was adjourned to April 6, 1983, a total of 34 days. This time is excludable (CPL 30.30, subd 4, par [b]). On April 6, 1983, the defendant served a motion to dismiss the indictment and the case was adjourned to May 5,1983. The Complex Judge charged this adjournment to the court. On May 5, the matter was adjourned for trial to May 13, 1983, with the defendant’s consent. This time is excludable (CPL 30.30, subd 4, par [b]). On May 13, the case was adjourned again with defendant’s consent to May 24, 1983. This time is excludable (CPL 30.30, subd 4, par [b]). On May 24, the case was adjourned to June 8, 1983 with the defendant’s consent. This time is excludable (CPL 30.30, subd 4, par [b]). On June 8, the motion to dismiss was denied and the case adjourned to June 17, 1983, as the defense attorney was actually engaged and the District Attorney not available. *547 The People were charged with seven days and the defendant with two days. On June 17, the defendant’s attorney was relieved and new 18B counsel assigned and the case adjourned to July 7, 1983. The trial assistant was on trial on June 17 for five days and the People were charged with those five days and the remainder, until July 7, is excludable. On July 7, 1983, the case was adjourned to July 28, 1983, at the defendant’s request. These 21 days are excludable (CPL 30.30, subd 4, par [b]). On July 28, the People answered ready and the case adjourned to August 11,1983. The defendant concedes this adjournment.
The People at this point, assert that once they answered ready for trial, their obligations pursuant to CPL 30.30 were satisfied. (People v Giordano, 56 NY2d 524.)
On August 11,1983, the defendant failed to appear and a bench warrant was ordered. The case was adjourned to August 22, 1983, when the defendant appeared and the case adjourned to August 26,1983. The defendant concedes these last two adjournments. On August 26, the case was adjourned to September 15, 1983, and the defendant concedes this adjournment. On September 15, the case was adjourned to September 19,1983, as counsel for a codefendant was not present. Where there are multiple defendants, adjournments attributable to one or more defendants is excludable time as to all other defendants. (People v Bravman, 89 Misc 2d 596.) Therefore, this time is excludable.
On September 19,1983, the case was before the court but the defendant’s attorney was not present and the case was adjourned to October 6,1983. This time is excludable (CPL 30.30, subd 4, par [b]). On October 6, the case was sent for a speedy trial hearing as to the codefendants only, and the matter adjourned until October 17, 1983. On October 17, the case was adjourned to November 17, 1983, when this defendant’s motion to dismiss was denied with leave to reargue before another Judge. This time is excludable, pursuant to CPL 30.30 (subd 4, par [a]). On November 17, the case was adjourned to December 6, 1983, as the defendant wanted time to file a motion to reargue. This time is excludable (CPL 30.30, subd 4, par [a]). On November 23, 1983, the defendant served his motion to reargue, return *548 able November 29, 1983. On November 29, reargument was granted and the hearing was set for December 15, 1983. On December 15, arguments on the motion were heard by this court and the matter put over for decision.
Pursuant to Matter of Holtzman v Hellenbrand (92 AD2d 405) and United States v Mastrangelo (693 F2d 269), this court decided that a further hearing be held to determine whether the defendant, by his misconduct, had induced the complaining witness to refuse to testify in the Grand Jury. Although in these cases, the issue was whether the People would be permitted, after a favorable ruling at the hearing, to use the complaining witness’ Grand Jury testimony at trial, the basic premise is the same. The issue is whether the defendant’s misconduct rendered the complaining witness unavailable. Neither in criminal nor in civil cases, will the law allow a person to take advantage of his own wrong. (United States v Mayes, 512 F2d 637.)
The hearing was scheduled for January 18, 1984, and after the hearing the court reserved decision. Therefore, the time from December 15,1983 to January 18,1984, and to the present, is excludable (GPL 30.30, subd 4, par [a]). Without counting any of the time from the dismissal of the first indictment on August 16,1982, to the filing of the new indictment on January 4, 1983, a total of 141 days, the People are chargeable with a total of 60 days. Therefore, the court will now address itself to the time period of August 16, 1982 to January 4, 1983. The prosecution offered into evidence the Grand Jury testimony of the victim in this case, as to the witness tampering matter. The testimony there covered only a period of November, 1982, when the victim was allegedly threatened. The prosecution also submitted an affidavit from the complaining witness indicating that he was robbed on June 23,1982, by this defendant and others, and soon thereafter, was approached by people asking him to drop the charges. The affidavit continued that he began receiving phone calls from the defendant, whose voice he recognized.
The complaining witness testified at the hearing on January 18, 1984 that he was threatened and harassed by the defendant, receiving approximately five telephone calls per week, from June of 1982 to November of 1982. He *549 further stated that a man came to see him and said that if the charges weren’t dropped, the defendant would shoot him. In the latter part of November, 1982, the defendant visited him personally and threatened to kill him. He said, from September of 1982 to December of 1982, the District Attorney’s office attempted to contact him by mail, phone and subpoena, requesting him to appear before the Grand Jury. He said he failed to appear because the defendant put him in fear for his life and the lives of his family. It was not until December of 1982 ¿hat he decided to tell the District Attorney what was happening when he was assured by the District Attorney that he would receive protection. The prosecution also offered a taped telephone call allegedly between the defendant and the complaining witness’ employee. The prosecution had obtained permission from the complaining witness to record the call. The substance of the conversation on December 23, 1982, was that the defendant wanted to have the employee of the complaining witness relay a message that a complaint taken out by a female against the complaining witness, was only done because of the complaint against the defendant, made by complaining witness in this case. The court heard the tape and concludes that, in fact, it is the defendant’s voice.
Therefore, the court must determine if the actions of the defendant and by the People on his behalf, fall within CPL 30.30 (subd 4, par fg]) which excludes periods of delay occasioned by exceptional circumstances, including but not limited to the unavailability of evidence material to the People’s case. Using the clear and convincing standard enunciated in Matter of Holtzman v Hellenbrand (supra), the court finds that the misconduct of the defendant waived his right to a speedy trial during the time in question. Any other result would mock the system that these laws were designed to protect.
Therefore, the court finds that the actions of the defendant come within the excludable language of CPL 30.30 (subd 4, par [g]) and the defendant’s motion to dismiss because he was denied a speedy trial, is denied.

 Dismissal was grounded on CPL 190.50 because the defendant was not given an opportunity to testify in the Grand Jury, although he had expressed his desire to do so.