OPINION OF THE COURT
Thomas W. Higgins, Jr., J.
Defendant’s motion to dismiss her pending misdemeanor charges of criminal possession of a forged instrument in the third degree (Penal Law § 170.20, five counts) pursuant to CPL 30.30 compels this court to construe that statute in light of the CPL 180.50 provisions prescribing procedures for the reduction of felony charges to misdemeanors.
The defendant, Patricia A. Stoneburner, was originally charged on October 31, 1984 by felony complaint with criminal possession of a forged instrument in the second degree in violation of Penal Law § 170.25 (five counts). No significant activity occurred after defendant’s arraignment on October 31, *723 1984, until April 30, 1985 when an Assistant District Attorney prepared a written memorandum recommending a reduction of the charge to criminal possession of a forged instrument in the third degree, a misdemeanor (five counts). The memorandum, addressed to this court with an indication that a copy had been sent to defense counsel, contained a statement of readiness for trial on the "returned charge” and requested the matter be placed on the court calendar for the same date, April 30.
A review of the April 30, 1985 court transcript indicates that the Assistant District Attorney assigned to City Court arraignments was present in court that morning and brought the "reduction memo” to the court’s attention. The matter was not scheduled for the calendar, and neither the court nor defense counsel had received a copy of the memorandum. Consequently, defendant and her attorney were not present when the reduction and readiness statement were made for the record on that day. In fact, it was not until the next court date of May 3, 1985 that defense counsel received the memo involved. Defendant was finally arraigned on the new charge on May 8, 1985. The filing of a new accusatory instrument was never waived. The motion to dismiss now before the court contends that this procedure fails to comply with the requirements imposed by CPL 30.30 (5) (c) and 180.50 (3).
CPL 30.30 (5) (c) provides the statutory requirements for a timely prosecution where a defendant, such as Ms. Stoneburner, is accused by felony complaint and the charge is subsequently reduced to a misdemeanor. In essence, the People must be ready to proceed on the reduced charge within six months from the commencement of the action. (People v Ferrara, 102 Misc 2d 253, 258 [1979]; People v Radus, 127 Misc 2d 544 [Syracuse City Ct 1985].)
It is undisputed that this prosecution commenced on October 31, 1984, with the filing of a felony complaint charging criminal possession of a forged instrument in the second degree. This would require the People to have been ready for trial on or before April 30, 1985. The District Attorney’s position is that their statement of readiness in open court on April 30, 1985, considered with the written reduction recommendation, satisfied the obligation imposed by CPL 30.30 (5) (c). The defendant, in support of her motion to dismiss, urges the court to find the statement of readiness insufficient as (1) no notice was given the defendant, and (2) there was no proper reduction prior to the People’s announcement.
*724 What actions must the People take to indicate "readiness” to toll the running of the six-month time period? As recently discussed by the Court of Appeals, "ready for trial”
"encompasses two necessary elements. First, there must be a communication of readiness by the People which appears on the trial court’s record * * *
"The second requirement under the statute, as noted in Hamilton [46 NY2d 932] and Brothers [50 NY2d 413] is that the prosecutor must make his statement of readiness when the People are in fact ready to proceed.” (People v Kendzia, 64 NY2d 331, 337 [1985].)
In the present case, the court will first examine whether the prosecutor’s ex parte statement of readiness, in open court, fulfills the first requirement as outlined in Kendzia (supra). Lack of prior notice and absence of defense counsel when the communication is made to the court are not singularly fatal to a prosecution when speedy trial is at issue. (People v Cole, 90 AD2d 27 [3d Dept 1982].) In Cole, the communication was made well within the six-month time limit, the court was on assignment in another county and notice of readiness was promptly sent to the defendant. Additionally, the only purpose of that court proceeding was to announce ready for the record.
This case, however, is not a situation analogous to that found in Cole (supra). Although an affirmative representation was made before the court, nothing indicates efforts were made to notify defense counsel until she was served with a copy of the District Attorney’s memo on May 3, 1985, some three days later. In all candor, the procedure followed here by the prosecution can be deemed little more than an eleventh hour attempt to comply with the six-month time limitation. Preparation was so minimal that neither the court nor defense counsel were previously informed that the matter would be on the calendar for April 30, 1985, the last day before the limit on a timely prosecution would expire.
While they are disturbing, these procedural gymnastics are not the critical factor in this court’s decision to grant defendant’s motion. In this case, the failure to notify defendant and ensure the presence of counsel merely began a series of events fatal to this prosecution.*
*725 As stated above, the statement of readiness must be an "indication of present readiness” (People v Kendzia, supra, at p 337) on the pending charge. Clearly, any statement of readiness absent a previous proper reduction of the felony to a misdemeanor is insufficient. (People v Colon, 59 NY2d 921 [1983]; People v Sturgis, 38 NY2d 625 [1976]; People v Blow, 127 Misc 2d 1054 [1985]; People v Ellis, 123 Misc 2d 544 [1984]; People v Egerton, 122 Misc 2d 462 [1984]; People v Myles, 107 Misc 2d 960.) Such a reduction cannot occur without defendant’s presence and without compliance with CPL 180.50.
The People’s reduction memo served only to initiate an inquiry pursuant to CPL 180.50 (1). Just as CPL 180.40 provides the sole mechanism for returning a felony for review by a local criminal court (People v Garrett, 117 Misc 2d 510 [1983]; People v Fulcher, 97 Misc 2d 239 [1978]), CPL 180.50 lists the only approved procedures for a court reduction (People ex rel. Leventhal v Warden, 102 AD2d 317 [1st Dept 1984]). Apart from the questionable validity of any inquiry without defendant and her counsel participating, none of the legislatively prescribed methods of conversion of the instrument in question were utilized on April 30, 1985. (People v Ryff, 100 Misc 2d 505 [1979].) The People failed to file an information charging criminal possession of a forged instrument in the third degree either by direction of the court or on their own initiative, nor did the court physically make appropriate notations on the instrument itself. (CPL 180.50 [3] [a] [i], [ii], [iii]; People v Franco, 109 Misc 2d 695 [1981]; People v Torres, 109 Misc 2d 800 [1981].)
Defendant was not present when the District Attorney moved reduction of the felony. She was, therefore, incapable of waiving the reading and filing of the new accusatory instrument. "Since a defendant is entitled to prosecution by information, it is axiomatic that in the absence of a proper filing or valid waiver the People are de facto not prepared to go to trial.” (People v Ryff, supra, at p 509; People v Egerton, supra, at p 465.) Hence, despite a statement of readiness given on April 30, 1985, the prosecution was, in actuality, not prepared for trial.
Accordingly, for all the foregoing reasons, defendant’s motion to dismiss is granted.

 For this reason, we need not pass specifically on whether notice to defendant three days after the official statement was made in court is sufficient.