*306 OPINION OF THE COURT
Michael A. Gary, J.
Defendant moves pursuant to CPL 210.20[1] to dismiss the accusatory instrument now pending against him because of the People’s failure to comply with the speedy trial time limitations of CPL 30.30. In essence, defendant argues: the purported reduction from a felony to a misdemeanor charge was invalid because CPL 180.50 was not complied with; the felony complaint remains pending; all time is chargeable to the People; 404 days have elapsed between the date the felony complaint was filed and the date of the instant motion, and, therefore, the accusatory instrument must be dismissed pursuant to CPL 30.30 (1) (a).
In response, the People assert: it was the court that failed to comply with CPL 180.50 and therefore the People should not be charged with any time where the defendant has notice of the purported reduction and the factual allegations in the felony complaint support the reduced charges. In the alternative, the People contend that the motion to dismiss must be denied because there exists sufficient excludable time periods pursuant to CPL 30.30 (4) (a) and (c) to enable the People to proceed to trial within the statutory period.

Procedural History

Defendant, James Comma, was arraigned on a felony complaint filed on October 26, 1988 charging him with criminal possession of a controlled substance in the fourth degree (Penal Law § 220.09), a class C felony. This was defendant’s first arrest and he was released on his own recognizance to return to Part APN on November 22, 1988. On that date defense counsel waived the case to the Grand Jury (see, CPL 180.30). The People made a CPL 180.40 motion and the Supreme Court, by order dated January 20, 1989, directed that the case be transferred back to Criminal Court without a Grand Jury presentation. Defendant and counsel were notified to appear and the case was restored to the Part APN Calendar for February 2, 1989.
On February 2nd, the contested reduction in the charge was *307 made to criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), a class A misdemeanor. The case was then adjourned to March 10, 1989 in Part AP4. On that date a laboratory report was filed and motion schedule set.
The period from March 10th to June 6, 1989 was occupied with motion practice.
On June 6th, motion practice was completed, suppression hearings were denied and the case was adjourned to June 20, 1989 in Jury Part 1 for trial. In the interim, on June 8, 1989, the People filed with the court and served on defense counsel a written statement of readiness.
On June 20, 1989, the case was adjourned on consent to July 20th in Jury Part 5. During the period of July 20, 1989 to October 10, 1989, all parties were excused by the court as defendant had secured summer employment outside New York City. On October 10th, the case was marked ready and passed to October 16, 1989. On October 16th, it was adjourned to October 31st in Jury Part 6 at the People’s request. On October 31st, both sides answered ready for trial whereupon defense counsel asserts in her affirmation she first ascertained from the court papers that the reduction was not properly made and the instant motion followed.

Reduction to a Misdemeanor Complaint Pursuant to CPL 180.50

CPL 180.50 (3) provides a number of methods by which a charge is reduced from a felony to a nonfelony offense. The only method relevant here is CPL 180.50 (3) (a) (iii) and (b) which provides:
"3. A charge is 'reduced’ from a felony to a non-felony offense, within the meaning of this section, by replacing the felony complaint with, or converting it to, another local criminal court accusatory instrument, as follows:
"(a) If the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question, the court may * * *
"(iii) Convert the felony complaint, or a copy thereof, into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged. In case of such conversion, any supporting deposition *308 supporting or accompanying the felony complaint is deemed also to support or accompany the information to which it has been converted;
"(b) If the non-felony offense in question is a misdemeanor, and if the factual allegations of the felony complaint together with those of any supporting depositions, though providing reasonable cause to believe that the defendant committed such misdemeanor are not legally sufficient to support such misdemeanor charge, the court may cause such felony complaint to be replaced by or converted to a misdemeanor complaint charging the misdemeanor in question, in the manner prescribed in subparagraph * * * three of paragraph (a) of this subdivision.”
Defendant nowhere specifically states in his motion papers in what way CPL 180.50 (3) (a) (iii) and (b) was not complied with. He merely recites: "Nor had the Court converted the felony complaint into an information as of October 31, 1989”. However, this court will take judicial notice that the felony complaint itself is in pristine condition. Moreover, defendant does not cite People v Minor (144 Misc 2d 846), in support of his contention that the reduction was improper. In Minor, the Appellate Term ruled that a purported reduction from a felony complaint to a misdemeanor instrument fails where the only notation in the record was a notation in the court docket, even though acquiesced to by the defendant, since it does not meet the requirements of CPL 180.50 and the felony complaint remains pending. While the reduction in question occurred nearly a month before the Minor decision was published, there is no issue of retroactivity, since Minor simply applies a preexisting statutory requirement.
Before ruling on this issue, this court will first consider the holding in Minor (supra), since it represents the only appellate decision on point.

The Reduction

In People v Minor (supra), the defendant was originally charged in a felony complaint with 7 counts of grand larceny in the third degree; 6 counts of criminal possession of stolen property in the second degree; forgery in the second degree; 6 counts of criminal possession of a forged instrument in the third degree and criminal impersonation in the second degree. The Appellate Term found that the only notation in the court record as to a reduction was in the court docket. That nota *309 tian read: "Reduced 155.25, 165.40, 170.10 (6 counts), 190.25” (see, People v Minor, supra, at 847). Obviously, Penal Law § 170.10 is forgery in the second degree, a class D felony. Therefore, the notation lends itself to two distinct interpretations: first, certain charges remain as felonies and there is no reduction at all; second, this was an attempt to reduce to Penal Law § 170.05 (6 counts). The latter interpretation is also problematic as it would constitute an improper reduction to counts not supported by the factual allegations of the felony complaint which charges one single forgery. (See, People v Young, 123 Misc 2d 486 [1984].)
This court has examined the court docket in People v Minor (supra). The misdemeanor court action sheet (also known as the blueback) attached to the felony complaint court action sheet (known as the yellowback) lists 15 misdemeanor counts in a different handwriting from that of the above-mentioned notation listing nine misdemeanor counts.
Obviously, in the face of this scant and confusing record, the Appellate Term could not divine what the purported reduction was. Nor could defendant figure out from looking at the felony complaint court action sheet and its attachments specifically know what charges he now faced nor could he prepare to defend them.
In contrast to Minor (supra), here the court had before it a Supreme Court order that reconsideration of the felony complaint was in the interests of justice. Moreover, the court possessed the annexed affirmation by an Assistant District Attorney setting forth the facts of the case and the People’s evaluation that the case would be more appropriately prosecuted in Criminal Court rather than by indictment.
On February 9, 1989, in open court and in the presence of defense counsel and defendant, the following occurred:
"the court: This is a 180.40 return. Defendant is present. I assume People are ready?
"mr. klang: Correct.
"the court: Based on the charge it’s, I assume a reduction of [sic] 220.03.
"mr. klang: Correct.
"the court: Do you have the necessary lab report to convert this docket?
"mr. klang: No.
"the court: Is there an offer as to the misdemeanor?”
*310 A misdemeanor offer was made and rejected and the case was adjourned for a lab report to a date and AP Part selected by defense counsel.
The court papers reflect that the presiding Judge on February 9, 1989 wrote on the yellowback in the right-hand portion next to the printed words "Charges reduced to” the numbers "220.03” and placed a check mark next to the words "Converted to a Misdemeanor Complaint”. The presiding Judge even circled the words "Misdemeanor Complaint”, and dated and signed it. The court also attached a blueback to the felony complaint and inscribed on it the reduced charge (Penal Law § 220.03) and next to it wrote "reduced 180.40, no lab” and signed and dated the notations. While the court did not mark the felony complaint itself, there is no question on this record, in contrast to the one in People v Minor (144 Misc 2d 846, supra) as to exactly what charge the felony complaint was reduced to.
Accordingly, this court holds that it is not essential that the felony complaint itself be marked where the record, as described above, clearly satisfies CPL 180.50’s requirement for conversion to a misdemeanor instrument, to wit: that notations attached to the felony complaint make the necessary and appropriate change in the title of the instrument and in the name of the offense charged. (See, CPL 180.50 [3] [a] [iii].) This court respectfully concludes that its decision comports with the holding in Minor (supra).
The Appellate Term cited People v Stoneburner (129 Misc 2d 722 [1985]) as an example where CPL 180.50 (3) (a) (iii) and (b) was not complied with. The Stoneburner court, in turn, cited two other cases as authority for its holding that the court did not physically make appropriate notations pursuant to CPL 180.50 (3) (a) (iii) and (b). (See, People v Franco, 109 Misc 2d 695 [1981]; People v Torres, 109 Misc 2d 800 [1981].) In both cases, where the reducing court attached a blueback denominated an "Information” to the felony complaint and the court wrote in the name of the new charge on the blueback, it was held those actions satisfied the specific language of CPL 180.50 (3) (a) (iii). Since the Appellate Term was well aware of Franco (supra) and Torres (supra), when it decided Minor (supra), and did not comment on them, this court respectfully concludes that the absence of notations on the felony complaint itself was not the reason reduction was improper in Minor, but rather, it was the failure to clearly specify on the attachment thereto exactly what the charges were reduced to.
*311 However, if People v Minor (supra) requires a notation on the felony complaint itself in order to accomplish a reduction pursuant to CPL 180.50 (3) (a) (iii) and (b), then this court must consider defendant’s arguments that all time on the pending felony complaint is chargeable to the People.
Defendant contends that the burden of insuring a proper reduction pursuant to CPL 180.50 rests on the prosecution and that defendant has no obligation to check the court papers to see that the appropriate notations on the accusatory instrument have been made. Hence, according to the defense, defendant’s requests for pretrial proceedings, including motion practice and adjournments for hearings, were not the result of an "informed decision” and therefore those periods should not be excluded pursuant to CPL 30.30 (4).
Defendant cites no authority for the proposition that the People bear the burden of insuring a proper reduction pursuant to CPL 180.50 nor does this court’s research disclose any. On the contrary, CPL 180.50 provides that the court may reduce the charge to a nonfelony offense as was done in the instant case, and the only involvement required of the People by statute is their consent. (See, CPL 180.50 [2] [b] [ii].) The burden of converting the felony complaint to a misdemeanor charge rests solely with the court. (Cf., People v Leake, 144 Misc 2d 701 [where the People knew that reduction was made properly].)
As for defendant’s argument that no speedy trial time is excludable because he consented to adjournments at a time when he could not be prosecuted on the pending accusatory instrument, this argument has already been rejected by the Court of Appeals in People v Worley (66 NY2d 523 [1985]).[2]

*312
Conclusions of Law

The court finds that the circumstances of the reduction in this case are distinctly different from those in Minor (supra), and the cases it cited. In Minor, the prosecution failed to make an adequate record setting forth with specificity what the charges were to be reduced to. More importantly, the result of the prosecution’s failure was clearly prejudicial to the defendant’s right to prepare a defense. Lastly, the defendant in Minor in no way sought to benefit from the proposed reduction, but instead moved to dismiss.
By contrast, in this case, the record amply demonstrates that the People have done all that they are required to do by statute to reduce the charge to a misdemeanor. The reduction here was in the interest of justice and clearly to the defendant’s benefit. More importantly, no prejudice to the defendant has been alleged nor can the court find any. Finally, the procedural history set forth infra, proves indisputably that defendant conducted his defense to the misdemeanor charge in a normal fashion, obtained the benefits of motion practice and various adjournments, and only objected to the reduction literally moments after both sides answered ready for trial in the Trial Part!
Where, as in this case, the record is clear that the People sought reduction to a specific misdemeanor charge in accordance with CPL 180.50, the court granted the reduction as evidenced by notations attached to the felony complaint, and the reduction itself was proper but for the court’s failure to *313 perform the simple clerical act of making a notation on the felony complaint, adjournments that defendant consented to during the course of the proceedings are to be excluded from speedy trial calculations. To rule otherwise would unjustly punish the People and reward the defendant for the court’s failure to perform a clerical act.
Accordingly, whether defendant stands charged on a misdemeanor information with Penal Law § 220.03 or in a felony complaint with Penal Law §220.09, the People are charged with 150 days (135 days from Oct. 26, 1988 to Mar. 10, 1989 and 15 days from Oct. 16, 1989 to Oct. 31, 1989). All other periods are excluded pursuant to CPL 30.30 (4) (a) and (c). The People, therefore, have 32 days of speedy trial time remaining. (See, CPL 30.30 [5] [c]; [1] [a]).
Consequently, the motion to dismiss pursuant to CPL 210.20 is denied.
In accordance with the record here, this court has endorsed the felony complaint to reflect that the charge is reduced to Penal Law § 220.03. (See, People v Minaya, 54 NY2d 360 [1981].)
This case is returned forthwith to Jury Part 7 to secure a Trial Part.

. Defendant’s motion to dismiss cites the CPL provision for a motion to dismiss an indictment. This court notes its apparent lack of authority to dismiss a felony complaint on speedy trial grounds. (See, Wachtler, Proposed Legislation to Amend Criminal Procedure Law section 30.30: The State of the Judiciary, 1989, at 32-33.)

. In People v Minor (144 Misc 2d 846, 848) the Appellate Term ruled: "An attempted reduction of a felony complaint, even though acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect and the felony complaint remains pending (People ex rel. Leventhal v Warden, 102 AD2d 317; People v Stoneburner, 129 Misc 2d 722; People v Young, 123 Misc 2d 486; see, People v Harper, 37 NY2d 96, 99).” From this language it may be argued that if a defendant’s acquiescence to any improper reduction has no effect, then by a parity of reasoning, adjournments defendant consented to should also have no legal effect.
In Minor (supra), defendant promptly filed a speedy trial motion as soon as the People partially corroborated the purported misdemeanor complaint. Thus, the Appellate Term had no reason to deal with defense adjournments as the speedy trial motion was found to be premature. However, upon examining the cases cited by the Appellate Term involving CPL 180.50 it is *312 clear that the proposition that defendant’s acquiescence has no effect is limited to those circumstances where either party clearly violates the statute to gain an advantage. For example, in People ex rel. Leventhal v Warden (supra), the court reduced the felony charge to a misdemeanor and accepted defendant’s plea to the reduced charge, without the consent and over the objection of the People, in clear violation of CPL 180.50 (1). And in People v Stoneburner (supra), the prosecution, in an "eleventh hour” move to avoid a CPL 30.30 dismissal, added defendant’s unscheduled case to the calendar and in the absence of counsel and the defendant, simply moved to reduce it. No appropriate notations were made on the accusatory instrument in clear violation of CPL 180.50 (3) (a) (iii) and (b). Finally, in People v Young (supra), defendant rightfully objected to the prosecution’s motion to reduce on the grounds that the factual allegations in the felony complaint, charging Penal Law § 120.05 (3) (causing physical injury to a peace officer with the intent of preventing said peace officer from performing his lawful duty) were not sufficient to support the misdemeanor charge of Penal Law § 120.00 (1) in that, the requisite element of intent to cause physical injury was lacking. Therefore, the reduction in that case clearly violated CPL 180.50 (3) (b) because of the disparity of the factual allegations.