OPINION OF THE COURT
Anthony Corso, J.
The defendant, Ronald Charles Thomas, moves for an order dismissing the prosecutor’s information. The People have opposed the motion of the defendant.
The defendant was charged with a class D felony on September 21, 1980. On October 21, 1980, the District Attorney’s office filed a prosecutor’s information. This information was not filed pursuant to an order of the court (CPL 180.50, subd 3, par [a], cl [i]; 180.70, subd 2). It was filed by the District Attorney at his own instance.
There is no provision in the Criminal Procedure Law allowing the District Attorney on his own volition without any direction from the court to replace a felony complaint with a prosecutor’s information. While the District Attorney may commence an action by filing a prosecutor’s information (CPL 100.05), he may not file a superseding information except pursuant to CPL 100.50. This section, in its entirety, states:
“1. If at any time before entry of a plea of guilty to or commencement of a trial of an information or a prosecutor’s information, another information or, as the case may be, another prosecutor’s information is filed with the same local criminal court charging the defendant with an of *948 fense charged in the first instrument, the first such instrument is, with respect to such offense, superseded by the second and, upon the defendant’s arraignment upon the latter, the count of the first instrument charging such offense must be dismissed by the court. The first instrument is not, however, superseded with respect to any count contained therein which charges an offense not charged in the second instrument.
“2. At any time before entry of a plea of guilty to or commencement of a trial of an information, the district attorney may file with the local criminal court a prosecutor’s information charging any offenses supported, pursuant to the standards prescribed in subdivision one of section 100.40, by the allegations of the factual part of the original information and/or any supporting depositions which may accompany it. In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed.
“3. A misdemeanor complaint must or may be replaced and superseded by an information pursuant to the provisions of section 170.65.”
Although the District Attorney contends otherwise, the import of the statute is to exclude felony complaints from one of the class of accusatory instruments which may be superseded by a prosecutor’s information (see, specifically, CPL 100.50, subd 2, which says “In such case, the original information is superseded by the prosecutor’s information and, upon the defendant’s arraignment upon the latter, is deemed dismissed”). (Emphasis supplied.)
While, perhaps, the Legislature should amend the section to permit the District Attorney to replace a felony complaint with a prosecutor’s information at his own instance, this court cannot construe CPL 100.50 to presently allow this action (see, generally, People v Cunningham, 74 Misc 2d 631, which denied the People the right to consolidate informations by use of CPL 100.50).
Although this court is dismissing the prosecutor’s information, the felony complaint is still pending in the court since the People did not have the power to file a supersed *949 ing information. This court orders a felony hearing to be held on this matter on March 12 at 9:30 a.m., First District Court.