OPINION OF THE COURT
Seymour Rotker, J.
The defendant was arrested on February 26, 1981 and charged, inter alia, with attempted grand larceny in the second degree (Penal Law, §§ 110.00, 155.35) and presenting a false insurance claim (Penal Law, § 175.55). It was alleged in the felony complaint that on or about and between January 7, 1981 and February 26, 1981, the defendant filed a claim with Nationwide Insurance Company averring his 1979 Chevette, having a value in excess of $1,600, was stolen on December 1, 1980 and that defendant was seeking recovery of the value of the automobile from said insurance carrier.
According to court papers, the felony charge was never reduced. A motion was made seeking relief pursuant to CPL article 240 (Discovery) which the court directed be treated as a “Discovery Demand”, notwithstanding the fact that a felony complaint was pending before this court.* The matter was adjourned a number of times for various rea *478 sons at the request of the District Attorney and the defense attorney.
The defendant now moves for an order “pursuant to Sec. 170.30 of the C.P.L., dismissing the information on the grounds that defendant has been denied his right to a speedy trial.” (Emphasis ours.)
Before deciding the issues on the merits, the court must first determine if on a felony complaint the Criminal Court has jurisdiction to grant the relief sought by the defendant.
CPL 30.30 provides for relief to be granted pursuant to CPL 170.30 or 210.20,
“where the people are not ready for trial within:
“(a) six months of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a felony;
“(b) ninety days of the commencement of a criminal action wherein a defendant is accused of one or more offenses, at least one of which is a misdemeanor punishable by a sentence of imprisonment of more than three months and none of which is a felony”.
CPL 170.30 (subd 1, par [e]) provides that the local criminal court may, upon motion of the defendant, dismiss an information, a simplified traffic information, a prosecutor’s information, or a misdemeanor complaint where the defendant has been denied the right to a speedy trial.
CPL 210.20 (subd 1, par [g]) provides: the superior court upon motion of a defendant, may dismiss an indictment where the defendant has been denied the right to a speedy trial.
The Criminal Court is a creation of the Legislature, and may only exercise such power as is authorized by statute. (People v Lamboray, 152 Misc 206; People v Schirtzer, 6 Misc 2d 561.) Section 31 of the New York City Criminal Court Act empowers the Criminal Court Judge:
“(1) [t]o hear, try, and determine all charges of misdemeanor, except charges of libel;
“(2) [t]o hear, try, and determine all offenses of a grade less than misdemeanor.”
*479 CPL article 180 provides the court with the parameters of its authority with relation to a felony complaint. It may conduct a preliminary hearing and hold defendant for the Grand Jury, dismiss or reduce the charges, and release the defendant if no preliminary hearing is held within 72 hours. A defendant may not, however, be prosecuted by a felony complaint (CPL 1.20, subd 8). Language indicating authority to decide dispositive motions addressed to the felony complaint is absent from CPL article 180. The plenary jurisdiction of the Criminal Court extends only to misdemeanors or lesser offenses (People v Salzone, 98 Misc 2d 131). “[A] Magistrate^] *** jurisdiction as to a felony charge extends solely to determining whether a defendant should be held for action by the Grand Jury” and any extension relative to treatment of felony complaints may only be that which is conferred by statute (People v Jackson, 48 Misc 2d 1026, 1028).
There has been a legislative hiatus with regard to the dismissal of a felony complaint in the local (criminal) courts on speedy trial grounds. If the court took action and dismissed the felony complaint on grounds provided in CPL 30.30, the District Attorney could still present the case to the Grand Jury (see People v Dillon, 197 NY 254, as to the District Attorney’s authority to present cases to the Grand Jury), thus creating an additional level of litigation on the same issue.
Of course, another option would be for this court to engage in a legal fiction, namely, that since all parties treated this case as though it was within the plenary jurisdiction of the Criminal Court, that the court would deal with the matter as though it were a fact accomplished, to wit: the matter had been reduced to a misdemeanor (de jure). (See People v Grosunor, 108 Misc 2d 932.) However, the law is clear that a Judge of the Criminal Court may not in its own motion reduce a felony charge to a misdemeanor without a factual showing that no felony exists. (CPL 180.50, 180.70, subd 3.)
Accordingly, it is the finding of this court that no jurisdiction to entertain defendant’s motion for the relief sought *480 herein is available in the Criminal Court. The motion is denied without prejudice to renew same in the appropriate forum.

 It is apparent that all parties, including the court, were under the mistaken impression that the pending matter was within the jurisdiction of the Criminal Court for all purposes, including trial.