OPINION OF THE COURT
Hilda G. Schwartz, J.
Petitioner, the District Attorney of New York County, seeks judgment in this CPLR article 78 proceeding in the nature of prohibition, vacating the conviction and sentence of respondent Jose Agosta on February 12, 1983, on the ground that respondent Levittan, as Judge of the Criminal Court of the City of New York, acted in excess of that court’s jurisdiction.
On February 12, 1983, respondent Agosta appeared before respondent Levittan for arraignment on a felony complaint, charging him with robbery in the second degree (Penal Law, § 160.10). According to the complaint, respondent forcibly stole property from the complainant in a *905 men’s room at the Port Authority bus terminal, causing him injury. At the arraignment, respondent Levittan reduced the charge to petit larceny (Penal Law, § 155.25), accepted a plea of guilty to that charge and sentenced respondent Agosta to a term of 30 days’ imprisonment, all over the objection of the Assistant District Attorney. On February 24,1983, the matter was presented to the Grand Jury, which returned an indictment, charging respondent Agosta with robbery in the second degree, based on the acts alleged in the original felony complaint.
On March 2,1983, respondent Agosta was released upon completion of the sentence imposed on February 12, 1983, and on March 8, 1983 Justice Harold Rothwax issued a bench warrant for him as a result of his nonappearance to answer the indictment of February 24. On March 9, respondent was arrested on two new misdemeanor charges. He entered a plea of guilty to attempted grand larceny in the third degree in satisfaction of these new charges upon his arraignment on March 11, 1983, and was sentenced to 30 days’ imprisonment. On March 21, arraignment on the indictment for robbery in the second degree was held before Justice Rothwax who remanded respondent Agosta, pending a bail application to be made on April 7, 1983 at the completion of the 30-day sentence he was then serving. On the adjourned date, a motion to dismiss the indictment was made before Justice Rothwax and a concomitant habeas corpus application was brought before Justice Carol Berkman. Justice Berkman granted the application, on grounds that the Grand Jury could not indict respondent while respondent Levittan’s action in putative disposition of the original charges, lying at the base of the indictment, was viable and enjoyed the presumption of validity.
Subsequently, the motion to dismiss the indictment pending before Justice Rothwax was denied on April 14, 1983, and a bench warrant was issued on the nonappearance of respondent/defendant Agosta.
The instant proceeding is before the court for the purpose of clarifying the status of defendant Agosta.
Respondent’s arguments in opposition are to the effect that the action of February 12, 1983 by respondent is not *906 reviewable by an article 78 proceeding and that vacatur by this court of that action would subject respondent Agosta to double jeopardy in violation of the State and Federal Constitutions.
This court finds that the double jeopardy argument is not valid in opposition to the instant petition, but would be more appropriately interposed as a defense against whatever accusatory instrument is validly pending against respondent Agosta. The contention of respondent, that the action is not reviewable by an article 78 proceeding, is without basis. It is well settled that such a proceeding in the nature of prohibition lies to test the actions of a court, alleged to be or threatened to be, in excess of it£ power and authority. (Matter of State of New York v King, 36 NY2d 59.) Such an action is distinguishable from claimed errors of law that are subject to appellate review, in those limited instances available to the prosecutor in a criminal case. No such appeal is available in the given instance of reduction of a felony charge without consent of the People. (See Matter of Gribetz v Edelstein, 90 AD2d 529; Matter of Cosgrove v Kubiniec, 56 AD2d 709.)
Thus, the question is properly brought for consideration here, did the action of respondent Levittan on February 12, 1983 constitute an excess of authority and jurisdiction as contemplated by CPLR 7803? In this court’s opinion, it did.
The mandate of CPL 180.50 (subd 1) is clear that the consent of the District Attorney is required in order that the reduction of a felony charged in the complaint be effected without preliminary hearing or Grand Jury action. The plain reading of the statute predicates the court’s own inquiry and subsequent reduction on that consent and the record of the arraignment not only reveals a lack of the required consent, but active objection by the District Attorney. Thus, the reduction of the charge, acceptance of a plea and sentence with regard to respondent Agosta was beyond the respondent’s power and was a nullity. Vacatur is therefore indicated and ordered.
The petition is in all respects granted.