OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Term should be reversed and a new trial ordered.
 

 Defendant was charged in a misdemeanor information with assault in the third degree for hitting his wife with a metal key chain. At arraignment, the court informed defendant of the charge against him and stated that it was a serious charge not to be taken lightly. Upon ascertaining that defendant had read a printed sheet setting forth his right to counsel (see CPL 170.10, subd 5), the court asked defendant if he wished to be represented by counsel. The defendant declined legal representation. There was no further colloquy regarding defendant’s decision. Defendant pleaded not guilty and waived his right to a jury trial. He proceeded to conduct his defense
 
 pro se
 
 and was convicted.
 

 A defendant charged in a prosecutor’s information with a misdemeanor offense has the statutory right to self-representation (see CPL 170.10, subd 6). A court must permit such self-representation “if it is satisfied that [defendant] made such decision with knowledge of the significance thereof” (CPL 170.10, subd 6). The court has a duty to determine the effectiveness of the waiver by undertaking a “sufficiently searching inquiry for it to be reasonably assured that the defendant appreciated the ‘dangers and
 
 *799
 
 disadvantages’ of giving up the fundamental right to counsel”
 
 (People v White,
 
 56 NY2d 110, 117; see
 
 People v Sawyer,
 
 57 NY2d 12, 21).
 

 The court’s declarations — that defendant was entitled to be represented by a lawyer; that he was facing a serious charge; and that, if convicted, he could receive a year’s imprisonment — did not satisfy the duty to make a searching inquiry
 
 (People v Sawyer,
 
 57 NY2d 12, 21,
 
 supra).
 
 The precautionary inquiry in this case failed to adequately warn defendant of the “risks inherent in representing himself” or apprise him of “the value of counsel”
 
 (People v Harris,
 
 85 AD2d 742, 744, affd on opn below 58 NY2d 704). Consequently, defendant’s waiver of counsel was ineffective, and he is entitled to a new trial (see
 
 People v Sawyer,
 
 57 NY2d 12, 21-22,
 
 supra; People v White,
 
 56 NY2d 110, 119,
 
 supra).
 

 In light of this disposition, there is no occasion to reach defendant’s other arguments.
 

 Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Meyer, Simons and Kaye concur in memorandum.
 

 Order reversed, etc.