OPINION OF THE COURT
Bertram Katz, J.
The defendant has moved for dismissal upon the grounds that the accusatory instrument before this court, a prosecutor’s information, is invalid and of no legal effect.
The defendant was arrested on November 22, 1983, and charged in a felony complaint with a violation of subdivision 3 of section 120.05 of the Penal Law. The complaint contained hearsay allegations that “the defendant did cause physical injury to * * * a Peace Officer, with the intent of preventing said Peace Officer from performing his lawful duty, in that the defendant did strike the (Peace Officer) with clenched fists about his face causing contusions”.
On November 29, the District Attorney moved to reduce the felony charge to a misdemeanor assault charge of subdivision 1 of section 120.00 of the Penal Law. That section reads as follows:
“A person is guilty of assault in the third degree when:
*487 “1. With intent to cause physical injury to another person, he causes such injury to such person or to a third person * * *
“Assault in the third degree is a class A misdemeanor.”
The Presiding Judge on that date made a notation on the docket papers indicating that the charge had been reduced, and attached a “blue back” to the docket. No alteration was made to the felony complaint. Over the defendant’s objection, the People were granted one week to obtain a corroborating affidavit.
The defendant objected to this purported reduction upon the grounds that the factual allegations contained in the felony complaint were not sufficient to support the misdemeanor charge, in that the requisite element of “intent to cause physical injury” was lacking.
Nevertheless, on December 14, the People filed a corroborating affidavit signed by the allegedly assaulted peace officer. This document contains no factual allegations. It is merely a form notice stating that the officer had read the accusatory instrument, and that the facts “therein stated to be furnished by him are true”, subject to the penalty provided by law. (See CPL 100.30, subd 1, par [d].)
The People moved for the “reduced” felony complaint and affidavit to be deemed an information. The defendant renewed his objections. This court granted the People’s application with leave to the defendant to challenge the entire procedure on written papers.
The People, however, were not finished. They now served a prosecutor’s information, superseding the “information” before the court. This new instrument contained the requisite element of intent “to cause physical injury”. (Penal Law, § 120.00, subd 1.)
The defendant has now moved to dismiss the prosecutor’s information on two grounds based on CPL 100.50 (subd 2):
1. A prosecutor’s information may only supersede an information or prosecutor’s information. The People’s attempt to supersede a felony complaint is therefore without legal effect.
2. A prosecutor’s information may only charge those misdemeanor offenses supported by the allegations of the *488 information and supporting affidavits that it is superseding; it may not add new factual allegations. (CPL 100.40, subd 1.) The addition of a new element of intent requires that the prosecutor’s information be dismissed.
In an effort to validate the reduction procedure followed in this case, the People have attempted logistical gymnastics whose equal may not be seen again until the Summer Olympics. The prosecution view may, nevertheless, be summarized as follows:
1. That a hearsay felony complaint, an oral application for reduction, and a form notice affidavit satisfy the requirements of a valid information under CPL 170.65; and
2. That this resultant “information” was then superseded by a prosecutor’s information despite the omission of the requisite intent, since intent is not a per se factual allegation for the purposes of CPL 100.50 (subd 2).
The People’s answer is a vivid example of the machinations that must be resorted to when charges are routinely and carelessly manipulated without any thought as to the principles that underlie the reduction procedure. The draftsmen of the Criminal Procedure Law provided for reductions in order that the superior courts not be cluttered up with cases that did not truly merit prosecution as felonies. Although unilateral reductions by Judges were prohibited, judicial supervision of this process still prevails. (See Denzer, Practice Commentary, McKinney’s Cons Laws of NY, Book 11A [1971 ed], CPL 180.50, pp 69-70.) Certainly, nothing in the intricate framework of CPL article 180 suggests that the prosecutor has the freedom to do what he has attempted to do in this case.
When a felony complaint is brought into the Criminal Court, the sole means of reducing it is through the inquiry and consent procedure of CPL 180.50 or through a felony hearing under CPL 180.60. (Bellacosa, Practice Commentary, McKinney’s Cons Laws of NY, Book 11 A, CPL 180.50, p 135.)*
Under the inquiry procedure, where the factual allegations of the felony complaint and supporting depositions *489 are sufficient to support the misdemeanor charge, which was definitely not the case here, the court may either direct the District Attorney to file a prosecutor’s information, request the complainant to file an information, or itself convert the felony complaint into an information by making appropriate notations on the accusatory instrument. (CPL 180.50, subd 3, par [a], els [i], [ii], [iii].) This reduction by inquiry was not done, since the disparity between the elements of the felony assault and the misdemeanor assault required amendment of the factual allegations.
The attachment of the “blue back” by the Presiding Judge on November 29, was of merely administrative significance; it was not a reduction. (Cf. People v Torres, 109 Misc 2d 800, 803.)
Nor was there a conversion to a misdemeanor complaint under CPL 180.50 (subd 3, par [b]), again because of the disparity of the factual allegations.
From the foregoing, it is evident that the prosecutor’s “motion to reduce” was invalid and of no legal effect. (See People v Walker, NYLJ, Feb. 16, 1979, p 12, col 1.)
The prosecutor’s information that is the subject of this motion to dismiss is, consequently, of no legal effect. Such instruments may not supersede a felony complaint except upon the direction of the court pursuant to CPL 180.50 (subd 3, par [a], cl [i]). If a prosecutor’s information is filed at the instance of the prosecutor himself, it may not supersede a felony or misdemeanor complaint, only an information or prosecutor’s information. (CPL 100.50, subd 2; People v Thomas, 107 Misc 2d 947.)
The intent element of a crime is not a mere triviality that may be dispensed with as casually as the prosecutor would have the court believe. It is an essential element of the crime that must be specified in the information. The omission of intent is a jurisdictional defect which renders the information invalid. (People v Hall, 48 NY2d 927; People v Maksymenko, 109 Misc 2d 171 [App Term, 2d Dept]; CPL 100.40.)
This court holds that due to the disparity between the factual allegations in the felony complaint and the ele *490 ments of the intended misdemeanor charge, that no reduction took place, and that consequently no information has been filed with this court. (CPL 100.40, subd 1, par [c].) Accordingly, the motion to dismiss the prosecutor’s information is granted. (See CPL 170.35, subd 3, par [b].)
However, since both the reduction and conversion were void and without legal effect, a nonhearsay felony complaint for the offense of subdivision 3 of section 120.05 of the Penal Law is still pending before this court. (See People v Thomas, supra; Matter of Morgenthau v Levittan, 119 Misc 2d 904.) A felony hearing is hereby ordered. (CPL 180.10, subds 2, 4; People v Heredia, 81 Misc 2d 777.)

 The authority of the criminal court over felonies is limited, and is solely the creation of statute. (See, generally, People v Senise, 111 Misc 2d 477.)