OPINION OF THE COURT
Michael A. Gross, J.
The issue presented on this motion to dismiss the informa *497 tion is whether it was proper to reduce the charges against defendant where the reduced crime of assault in the third degree included an element which was not part of any of the charges alleged in the felony complaint. Because the facts set forth in the felony complaint established reasonable cause to believe that defendant committed assault in the third degree and because the felony complaint fairly apprised him of the conduct which is the subject of all criminal charges in the information, this court denies the motion to dismiss.
Defendant was charged in a felony complaint with two counts of assault in the second degree and one count of criminal mischief in the third degree (intentionally damaging property of another in an amount greater than $250) based on an incident in which, after making verbal threats to a traffic agent who was issuing a parking violation summons to him, defendant allegedly injured her by driving his truck into the rear of the traffic agent’s automobile.
The counts of second degree assault alleged violations of both Penal Law § 120.05 (3) (causing physical injury to a peace officer with the intent of preventing the peace officer from performing a lawful duty) and Penal Law § 120.05 (6) (causing physical injury to a nonparticipant during the commission of a felony).
Four days after the arraignment on the felony complaint, the court in the All Purpose Part granted the People’s application to reduce the charge against defendant to nonfelony offenses; the People immediately filed a misdemeanor complaint charging defendant with attempted assault in the third degree, two counts of assault in the third degree (Penal Law § 120.00 [1] [intentional], [2] [reckless]), two counts of harassment, obstructing governmental administration and criminal mischief in the fourth degree. The complaint was corroborated as to some of the charges and required a supporting deposition as to others (CPL 100.20). Defendant then made a motion to dismiss the accusatory instrument, asserting that there had been a change in theory in the prosecution and citing People v Young (123 Misc 2d 486 [Crim Ct, Bronx County 1984]). Defendant claims that the People have changed their theory of prosecution in that the misdemeanor assault charge contains an element — intent to cause physical injury — which is not an element of either of the second degree assault charges.
It is uncontested that the reduced charge of assault in the third degree abandoned claims made in the felony complaint *498 that the traffic agent was a peace officer (she is not; see, CPL 2.10) and that the damage to the agent’s vehicle was more than $250, an element of criminal mischief in the third degree, the predicate felony supporting the charge under Penal Law § 120.05 (6). Nevertheless the court finds that the reduction of charges was carried out in full compliance with the procedures set forth in CPL 180.50. That statute empowers a court, after the filing of a felony complaint, to replace the felony complaint with a criminal court accusatory instrument, after inquiry and with the consent of the People, where the court is satisfied that felony charges are not supported by reasonable cause but there is reasonable cause to believe that the defendant committed a misdemeanor or violation. (CPL 180.50 [2] [a].)
The procedure by which the reduction is effected depends on the nature of the sworn factual allegations against the defendant contained in the felony complaint plus any supporting depositions. Where, as here, the facts are legally sufficient (see, CPL 70.10 [1]) to support a nonfelony charge, the court may either (1) direct the prosecutor to file a prosecutor’s information (CPL 180.50 [3] [a] [i]); (2) request the complainant named in the felony complaint to file an information (CPL 180.50 [3] [a] [ii]); or (3) convert the felony complaint into an information, after a review of the sworn factual allegations including those in any supporting depositions, by making appropriate notations on the court papers (CPL 180.50 [3] [a] [iii]). Where the sworn allegations establish reasonable cause to believe that the defendant committed a misdemeanor or violation but fail to meet the higher evidentiary standard of legal sufficiency (compare, CPL 70.10 [1], with 70.10 [2]), the court may nevertheless order a reduction of charges through either of the latter two mechanisms. (CPL 180.50 [3] [b].)
Here the court authorized the reduction after reviewing the felony complaint and concluding that there was reasonable cause to believe that defendant committed the various nonfelony offenses of which he now stands accused. Because the felony complaint contained hearsay allegations from the traffic agent who was the victim of the alleged attack, the court permitted the People to file a misdemeanor accusatory instrument to replace the felony complaint, the procedure authorized in CPL 180.50 (3) (b). The accusatory instrument— which was fully corroborated, and therefore constituted an information, as to the charges of attempted assault, obstructing governmental administration and criminal mischief and *499 required a supporting deposition as to the two assault charges —was based on the identical conduct alleged in the felony complaint: threatening a traffic agent engaged in the lawful performance of her official duties and driving his truck into the agent’s vehicle thereby inflicting physical injury. Since the felony complaint provided reasonable cause to support all the nonfelony charges, the court acted properly in permitting the People to file a misdemeanor accusatory instrument.
While one entirely new charge has been added — attempted assault in the third degree with respect to a second traffic agent (not referred to in the felony complaint) who was seated in the vehicle at the time of the collision — nothing in the statute or case law prevents the People from adding charges so long as reasonable cause for one or more of the misdemeanor charges appears in the felony complaint.
People v Young (123 Misc 2d 486, supra) does not compel a different conclusion. There, as here, the People filed a felony complaint charging the defendant under Penal Law § 120.05 (3) with assaulting a peace officer with the intent of preventing the peace officer from performing a lawful duty. Within one week of arraignment, the People moved to reduce the charges to assault in the third degree under Penal Law § 120.00 (1). The presiding Judge made a notation on the court papers to indicate that he had reduced the charge and attached a blueback to signify that a misdemeanor was now pending. (See, People v Torres, 109 Misc 2d 800, 803 [Crim Ct, Bronx County 1981].) The court in Young found that the reduction was "invalid” based on "the disparity between the factual allegations in the felony complaint and the elements of the intended misdemeanor charge”. (People v Young, 123 Misc 2d, at 489-490.) While the decision does not indicate what facts, if any, were alleged in the felony complaint with respect to the defendant’s intent, the court held that intent to cause physical injury, an element of assault in the third degree differs from the intent element of assault in the second degree with which he was originally charged, and that the addition of the new element invalidated the reduction. The court wrote the "reduction by inquiry [pursuant to CPL 180.50 (3) (a)] was not done, since the disparity between the elements of the felony assault and the misdemeanor assault required amendment of the factual allegations.” (People v Young, 123 Misc 2d, at 489.)
Unlike Young (supra), the facts alleged in the felony complaint were legally sufficient to establish intent to cause *500 physical injury: the complaint recites that defendant told the traffic agent that he was going to "smash [her] car,” an act which he immediately performed. Divining intent — ascertaining what is going on in a defendant’s mind at the time he engages in conduct — requires an examination of the nature of the conduct engaged in as well as other conduct, including statements, before, during and even after the commission of the crime. (See, People v Ozarowski, 38 NY2d 481 [1976]; People v Horton, 18 NY2d 355 [1966]; People v Agron, 10 NY2d 130 [1961].) The words defendant spoke and the conduct he engaged in, as alleged in the felony complaint, provide ample circumstantial evidence to establish reasonable cause to believe that defendant intended to inflict physical injury upon the traffic agent.
Accordingly, the reduction of charges in the All Purpose Part and the filing of an information complied fully with the inquiry and reduction provisions of the CPL. Defendant’s motion, while couched in terms of a change in theory, in fact raises no question about the adequacy of notice of charges. None of the due process considerations discussed by the Court of Appeals in People v McGuire (5 NY2d 523 [1959]) are implicated.
Defendant’s motion for a bill of particulars and discovery is granted to the extent of the information furnished by the People in their response. Defendant’s request for copies of medical records and reports is denied as outside the scope of discovery authorized by CPL 240.20 (2). Defendant may subpoena these records in accordance with the provisions at CPL article 610.