■ The People of the State of New York, Respondent, v David Jackson, Appellant.—Mercure, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered September 26, 1988, which revoked defendant's probation and imposed a sentence of imprisonment.

In February 1987, defendant was convicted of criminal possession of stolen property in the second degree and was sentenced, inter alia, to five years' probation. A declaration of delinquency was filed in July 1988 alleging that defendant had violated the conditions of his probation on January 31, 1988 by drinking alcoholic beverages and by operating a motor vehicle while in an intoxicated condition, in violation of

* Fictitious Name.

Vehicle and Traffic Law § 1192 (2).[1] Following an evidentiary hearing, County Court determined that defendant had violated the terms of his probation, revoked defendant's probation and sentenced him to a prison term of 1 to 3 years. This appeal ensued.

Defendant's primary contention is that he was deprived of his right to counsel in the violation proceedings. At the time of defendant's first appearance on the declaration of delinquency, he requested that County Court assign the same attorney who had been assigned to represent him on the underlying charge of driving while intoxicated. This request was denied as a result of County Court's determination that defendant was not indigent and the matter was adjourned to permit defendant to obtain private counsel. Defendant appeared with retained counsel on the adjourned date and a hearing date was set, but County Court thereafter *sua sponte* disqualified defendant's attorney because he had been District Attorney at the time defendant was prosecuted and convicted of the crime underlying the violation proceedings. Following a further adjournment, defendant appeared at the scheduled hearing without an attorney and advised County Court that he intended to plead guilty to the violation, which he believed to encompass only the consumption of an alcoholic beverage. However, County Court was unwilling to accept defendant's admission without an acknowledgment that he had also violated Vehicle and Traffic Law § 1192, an allegation which defendant denied throughout the proceedings,[2] and ordered that the hearing proceed. When asked by County Court whether he wanted to continue without an attorney, defendant responded: "I have no other choice, sir. I can't afford a lawyer. The court says I can but there is no way I can. There is just no way I can afford a lawyer and keep up my bills."

After a five-minute recess, the hearing proceeded. At the conclusion, County Court found that defendant had not only consumed alcoholic beverages and operated a motor vehicle while intoxicated, as alleged in the declaration of delinquency, but also that he had committed an additional uncharged violation in that he did "enter an establishment where alcoholic beverages were served for consumption and was not there for the purposes of eating a meal".

1. Although the written conditions of probation have not been included in the record on appeal, there is no dispute as to the conditions alleged in the declaration of delinquency.

2. By this time, the underlying charge of driving while intoxicated had been resolved in a local criminal court without an alcohol-related conviction.

In our view, under the circumstances present here, County Court did not adequately fulfill its obligation to determine the effectiveness of defendant's waiver of his right to be represented by counsel *(see, People v Kaltenbach,* 60 NY2d 797, 798-799; *People v Sawyer,* 57 NY2d 12, 21, *cert denied* 459 US 1178; *People v White,* 56 NY2d 110, 117) if, in fact, that right was waived at all. It is fundamental that the right to counsel extends to probation revocation proceedings *(see,* CPL 410.70 [4]; *People v Keefe,* 131 AD2d 937) and the Court of Appeals has consistently held that this right may not be waived unless the court makes "a sufficiently searching inquiry for it to be reasonably assured that the defendant appreciated the 'dangers and disadvantages' of giving up the fundamental right to counsel" *(People v White,* 56 NY2d 110, 117, *supra,* quoting *Faretta v California,* 422 US 806, 835; *see, People v Kaltenbach, supra; People v Sawyer, supra).* To advise a defendant that the charges are serious, that they could result in a State prison sentence and that he would be better served by legal representation is not sufficient *(see, People v Kaltenbach, supra,* at 799; *People v Sawyer, supra).* Rather, the precautionary inquiry must warn defendant of the " 'risks inherent in representing himself' or apprise him of 'the value of counsel' " *(People v Kaltenbach, supra,* at 799, quoting *People v Harris,* 85 AD2d 742, 744, *affd on mem below* 58 NY2d 704). As we read the record, County Court made no such inquiry here.

Since our determination requires remittal to County Court for a new hearing, we need not consider defendant's remaining contentions.

Judgment reversed, on the law, indeterminate prison sentence of 1 to 3 years vacated and sentence of five years' probation reinstated, and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this court's decision. Casey, J. P., Weiss, Mikoll, Yesawich, Jr., and Mercure, JJ., concur.