OPINION OF THE COURT
Memorandum.
Judgment of conviction unanimously reversed on the law and matter remanded to the court below for further proceedings on the original felony complaint.
The defendant was arrested on or about February 11, 1993 and charged with burglary in the third degree, a class D felony. The felony complaint, dated January 29, 1993, stated: "The said defendant did at the aforesaid time, date, and location unlawfully enter and remain unlawfully in a dwelling with intent to commit a crime therein. To wit: the said defendant, Jeffrey Gruñe did at about 11:15AM on the 27th day of Jan[uary] 1993 unlawfully enter the dwelling of Michaelyn Kiss-Muller and while therein did steal a quantity of jewelry.” It appears from the record and statements of the victim (Michaelyn Kiss-Muller) and witness that defendant was an acquaintance of Ms. Kiss-Muller and had visited the subject premises on several occasions. Ms. Kiss-Muller, and the witness, also stated that defendant had a history of alcohol abuse and an occasional violent outburst, and that defendant was specifically told by the victim not to come near her or her apartment.
Subsequent to defendant’s arrest, the People filed a superseding misdemeanor information, charging the defendant with criminal trespass in the second degree, a class A misdemeanor. The superseding misdemeanor information, dated February 18, 1993, stated: "The said defendant did at the aforesaid time, date, and location knowingly enter or remain unlawfully in a dwelling. To wit: the said defendant Jeffrey Gruñe did at about 11:15AM on the 27th day of Jan[uary] 1993 knowingly enter and remain unlawfully in the 2nd floor apartment of Michaelyn Kiss-Muller located at 359 No Main St Port Chester NY.”
Defendant contends on appeal that the misdemeanor conviction requires reversal since the statutory provisions of CPL 180.50 which govern the reduction of a felony charge to a misdemeanor were not complied with, and that the trial court improperly denied defendant’s request to proceed pro se.
Regarding defendant’s first claim, we find that the attempted reduction of the felony complaint failed to comply *1049 with the pertinent provisions of CPL 180.50. This statute states in relevant part:
"3. A charge is 'reduced’ from a felony to a non-felony offense, within the meaning of this section, by replacing the felony complaint with, or converting it to, another local criminal court accusatory instrument, as follows:
"(a) If the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support the charge that the defendant committed the non-felony offense in question, the court may:
"(i) Direct the district attorney to file with the court a prosecutor’s information charging the defendant with such non-felony offense; or
"(ii) Request the complainant of the felony complaint to file with the court an information charging the defendant with such non-felony offense. If such an information is filed, any supporting deposition supporting or accompanying the felony complaint is deemed also to support or accompanying the replacing information; or
"(iii) Convert the felony complaint, or a copy thereof, into an information by notations upon or attached thereto which make the necessary and appropriate changes in the title of the instrument and in the names of the offense or offenses charged. In case of such conversion, any supporting deposition supporting or accompanying the felony complaint is deemed also to support or accompany the information to which it has been converted;
"(b) If the non-felony offense in question is a misdemeanor, and if the factual allegations of the felony complaint together with those of any supporting depositions, though providing reasonable cause to believe that the defendant committed such misdemeanor are not legally sufficient to support such misdemeanor charge, the court may cause such felony complaint to be replaced by or converted to a misdemeanor complaint charging the misdemeanor in question”.
In the case at bar, the felony complaint was reduced to a misdemeanor information based upon the subsequent police investigation which revealed that defendant’s actions were not legally sufficient to support a prima facie case of burglary in the second degree (see, People v Kwang Yul Oh, 141 Misc 2d 496, 498 [1988]). However, no facts appear in the record before this court which comport such reduction with the requisites of *1050 CPL 180.50. The only inquiry into the reduction appeared in the record as follows:
"[the court]: On the facts of the original complaint it alleges theft of certain jewelry.
"[prosecution]: Correct, your Honor.
"Your Honor, the People after reviewing the facts in the case, based upon the sworn statements of the witnesses here, again those are mere allegations, place the Defendant in the apartment.
"However, with regard to the issue of actual missing of items in the apartment, that being costume jewelry allegedly owned by the complainant, Defendant was never found to be in possession of any jewelry or actually seen, at the time he was in the bathroom of the residence, to have jewelry visibly in his possession.
"The, the apartment was ransacked, but based upon the fact that we did not have him in possession of the jewelry nor saw after the incident or at the time no one witnesses him in possession of the jewelry, I felt it was appropriate to file a superseding misdemeanor information.”
Based on the above, we are of the opinion that the felony complaint was not properly converted to a misdemeanor information (see, People v Jones, 151 Misc 2d 582, 583 [App Term, 2d & 11th Jud Dists 1991], lv denied 79 NY2d 920 [1992]; People v Minor, 144 Misc 2d 846, 848 [App Term, 2d & 11th Jud Dists 1989], lv denied 74 NY2d 666 [1989]).
Moreover, in light of the court’s failure to comply with CPL 180.50, and the further failure to dismiss the original felony complaint, the matter is to be remanded to the court below for proceedings on said felony complaint (see, People v Minor, supra, at 848; see also, People ex rel. Leventhal v Warden, 102 AD2d 317, 323-324 [1st Dept 1984]; People v Young, 123 Misc 2d 486, 490 [1984]).
We also find that the court erred in summarily denying defendant’s request to proceed pro se. It is statutorily prescribed that a defendant has a right to self-representation (see, CPL 170.10 [6]; see also, People v Kaltenbach, 60 NY2d 797, 798 [1983]). A court must allow a defendant to proceed pro se "if it is satisfied that [defendant] made such decision with knowledge of the significance thereof’. (CPL 170.10 [6].) Thus, in order to determine the effectiveness of the waiver of counsel, the court has a duty to make a " 'sufficiently searching inquiry for it to be reasonably assured that the defendant *1051 appreciated the "dangers and disadvantages” of giving up the fundamental right to counsel’ (People v Kaltenbach, supra, at 798-799, quoting People v White, 56 NY2d 110, 117 [1982]; see also, People v Sawyer, 57 NY2d 12, 21 [1982].) In the case at bar, the court, upon defendant’s request to proceed without counsel, answered: "No, sir. You’re going to need a lawyer in this court and that’s your lawyer whether you like it or not.” Thus, no inquiry was made as to the effectiveness of defendant’s request. Since the record is devoid of any inquiry as to defendant’s awareness of the risks involved in self-representation, we find that denial of the request was error and defendant’s conviction cannot stand (see, People v Kaltenbach, supra, at 799; People v Sawyer, supra, at 21-22; People v White, supra, at 119).
DiPaola, P. J., Collins and Luciano, JJ., concur.