*842 OPINION OF THE COURT
Karen M. Wilutis, J.
Defendant is charged in a two-count prosecutor’s information with criminal contempt in the second degree for disobeying the “refrain from harassment or aggravated harassment” and “refrain from communication” provisions of a Queens County Criminal Court temporary order of protection (Penal Law § 215.50 [3]) and, in an information, with aggravated harassment in the second degree (Penal Law § 240.30 [1] [a]), all charges arising out of a telephone conversation he allegedly had on February 1, 2015 with one of the individuals identified as a protected party on the order of protection. He seeks dismissal on the ground the accusatory instruments are insufficient (see CPL 170.30 [1] [a]; 170.35 [1] [a]; 100.40 [1] [c]; [3]). In the alternative, he demands preclusion of voice identification testimony or a suppression hearing with respect to any voice identification procedure law enforcement personnel conducted, a Sandoval hearing, and leave to make additional pretrial motions.
That portion of defendant’s motion in which he seeks dismissal of the accusatory instruments is denied.
The court addresses the sufficiency of the information containing the aggravated harassment charge first. This charge is designated as count 2, although the accusatory instrument is a separate one count information, while the charges in the prosecutor’s information are designated counts 1 and 3. For an information to be sufficient, nonhearsay factual allegations establishing, if true, defendant’s commission of every element of the charged offense must be contained in the information itself and/or in any accompanying supporting depositions (CPL 100.40 [1] [c]). An information which fails to meet this criterion must be dismissed as defective (CPL 170.30 [1] [a]; 170.35 [1] [a]).
The elements of aggravated harassment, as charged here, are (1) the intent to harass another person; (2) communicating by telephone; (3) a threat to cause physical harm; (4) to the other person, or to a member of the other person’s same family or household as defined in CPL 530.11; and (5) knowledge the communication will cause the other person to reasonably fear harm to his or her physical safety or to the physical safety of his/her same family or household, or the actor reasonably should know the communication will have this effect (Penal Law § 240.30 [1] [a]).
*843 The nonhearsay factual allegations appear in the supporting deposition of the protected party. This witness avers that she is “religiously but not legally married to [defendant]” and they have an eight-month-old son. She also asserts that defendant called her on her cell phone, and in the course of the ensuing conversation he threatened her by saying,
“I heard about you being on ‘J-Date.’ You think you’re going to take my son to meet another man while we are still married. I’ll kill all of you before that ever happens. I’m giving you 24 hours. If you don’t come see me by then, you better watch your back you fucking whore, and I don’t care if you go to the police.”
Deponent also represents that defendant has threatened to take their son from her and out of the country, and that she is in fear of defendant.
Defendant takes the position that the “threat to cause physical harm” element has not been alleged. To be sure, if “language is incapable of constituting a true threat, as a matter of law,” then dismissal of an accusatory instrument charging aggravated harassment through its use should be granted (People v Bonitto, 4 Misc 3d 386, 389 [Crim Ct, NY County 2004, Harris, J.] [evaluating former Penal Law § 240.30 [1]]). However, the defendant’s language does not fall within this category. Context is everything, as both the People and the defense agree, and here the narrative reflects a relationship between the parties in which defendant, in some way and to some extent, either personally or through others, not only learns of deponent’s activities on social media, but then uses that knowledge in an attempt to control whom she can see, to the point of impressing upon her that if she does not submit to his orders, he will “kill” her and others, and even the police will not deter him.
With respect to defendant’s assertion that his communication cannot be “a threat to cause physical harm” because he did not threaten immediate harm, assuming immediacy is required (compare People v Venturo, 51 Misc 3d 216, 220 [Crim Ct, NY County 2005, Rajeswari, J.], with People v Orr, 47 Misc 3d 1213[A], 2015 NY Slip Op 50568[U], *2 [Crim Ct, NY County 2015, Statsinger, J.]), the court is of the view the allegations in the supporting deposition do establish immediacy, despite defendant’s assertion that any harm to deponent is dependent “upon multiple contingencies that may or may not be met at *844 some unspecified point in the future” (reply affirmation, July 7, 2016 at 7, ¶ 18). Defendant’s view appears to be that immediacy exists only if at the time he told deponent “I’ll kill all of you before that ever happens. I’m giving you 24 hours. If you don’t come see me by then, you better watch your back,” deponent instantly had formed the intention to defy his order to come see him and to resist his effort to control whom she sees with their son. Only then, apparently, could the threat have immediacy. Pursuant to this rationale, the immediacy of physical harm would be the fault of deponent for choosing to defy defendant, not because of any of his conduct or language, and he cannot be held criminally responsible simply because she had already chosen to disobey him. Such a special view, if it ever had currency, has none now. The facts in the deposition, then, support the making by defendant of a “threat to cause physical harm” subject to criminal sanction under Penal Law § 240.30 (1) (a).
Defendant also asserts the intent element has not been alleged. However, “[i]ntent, which is specific to the crime charged, is the product of the invisible operation of the mind . . . Absent direct evidence, such as an admission, intent may be inferred from the act itself ... or from the defendant’s conduct and the surrounding circumstances” (People v Reyes, 42 Misc 3d 127[A], 2013 NY Slip Op 52145[U], *1 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2013] [internal quotation marks, brackets and citations omitted]; see People v Rubackin, 49 Misc 3d 132[A], 2015 NY Slip Op 51437[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2015]). Defendant’s intent to harass deponent can be inferred from his action in telephoning deponent and the content of the alleged communication itself, as well as from the surrounding circumstances, including the relationship of the parties and defendant’s prior threats to take their child from deponent and out of the country. Contrary to defendant’s position, multiple phone calls are unnecessary to establish intent under Penal Law § 240.30 (1) (a). When the legislature has chosen to make repetition a requirement of harassment, it has expressly done so (see Penal Law § 240.25).
With respect to defendant’s final challenge to the allegations supporting the aggravated harassment charge, that they do not establish that he knew or reasonably should have known that his communication would cause deponent reasonably to fear harm to her physical safety or that of her family, for the reasons already expressed the court finds his position to be un *845 persuasive. The information charging defendant with violating Penal Law § 240.30 (1) (a) is sufficient, and so its dismissal is inappropriate.
The court turns to that portion of the motion in which defendant seeks dismissal of the prosecutor’s information charging him with two counts of criminal contempt in the second degree (Penal Law § 215.50 [3]).
As a preliminary matter, the court observes the prosecutor’s information was filed pursuant to an order of reduction dismissing the other accusatory instrument filed simultaneously with the information, a felony complaint (see CPL 180.50). In its order of reduction, which issued ex parte, the court found the supporting depositions were legally sufficient to support the charges in the prosecutor’s information. Defendant is actually challenging this finding. The court further notes that even if it were to determine that the original ex parte determination of sufficiency was erroneous, the criminal contempt portion of this prosecution would not terminate. If the prosecutor’s information is not legally sufficient, then the reduction of the original charge in the felony complaint was not in conformity with the procedures set out in CPL 180.50. The prosecutor’s information would be a nullity, the dismissal of the felony complaint would be vacated and the felony complaint, in which defendant had been charged with criminal contempt in the first degree (Penal Law § 215.51 [b] [iii]), would be reinstated (see People v Spooner, 22 Misc 3d 136[A], 2008 NY Slip Op 52664[U] [2008]; People v Stinson, 22 Misc 3d 136[A], 2008 NY Slip Op 52662[U] [2008]; People v Grune, 175 Misc 2d 281 [1997]; People v Grune, 164 Misc 2d 1047 [1995]; People v Jones, 151 Misc 2d 582 [1991], lv denied sub nom. People v Mayfield, 79 NY2d 921 [1992]; People v Minor, 144 Misc 2d 846 [1989]; People v Cruz-Otero, NYLJ, July 12, 2000 at 29, col 2; People v Webb, NYLJ, July 31, 1987 at 7, cols 1, 2; People v Stack, NYLJ, Feb. 13, 1987 at 14, col 5; People v Thomas, 107 Misc 2d 947 [1981]). Consequently, the court treats this portion of the motion, to dismiss the prosecutor’s information, as one to vacate the order of reduction and reinstate the felony complaint.
As noted earlier, in its order of reduction, the court found the factual allegations in the felony complaint and supporting depositions were legally sufficient to support the present charges. Since that determination was an ex parte one, the court reevaluates it now upon defendant’s motion. However, *846 upon reevaluation, and having considered the position advanced by defendant, the court remains of the view that the prosecutor’s information is legally sufficient as to both counts 1 and 3, which is the standard that the accusatory instrument had to meet for the reduction to occur (see CPL 180.50 [3] [a]).
The same conduct which is the basis of the aggravated harassment charge is the basis of the criminal contempt charges in the prosecutor’s information, and the same deposition supporting the information charging that offense has been included as a supporting deposition to the prosecutor’s information, in which, as noted earlier, defendant is charged with disobeying the “refrain from harassment or aggravated harassment” and “refrain from communication” provision of the temporary order of protection by making the phone call.
Most of defendant’s challenge to the prosecutor’s information is predicated on his position that a certified copy of the temporary order of protection he is accused of disobeying is not one of the supporting documents. Actually, however, a certified copy is attached, at least to the prosecutor’s information on file with the court. This certified copy is legally sufficient to establish that the order of protection was in effect between December 19, 2014 and June 1, 2015.
Defendant also asserts that the “intent” elements of harassment and aggravated harassment have not been alleged. The court already has determined that the intent element of aggravated harassment may be inferred from the supporting deposition, so that it is adequately alleged. The “intent” element of harassment also may be inferred from these allegations.
Because the order of protection contains defendant’s signature acknowledging its service on him, plus a representation that he was advised in court of its issuance and contents, and because the order also contains directives that defendant “refrain from harassment or aggravated harassment,” and “refrain from communication” with respect to the protected party, the prosecutor’s information is legally sufficient as to both counts.
Consequently, the CPL 180.50 reduction was proper, and so vacatur of the order of reduction and reinstatement of the felony complaint are denied. If the defense does not have a copy of the order of protection, at the next calendar call for this docket, or any time before then that Courtroom DV1 is open, it should so advise the court. The defense can inspect the prosecutor’s information in the court file and upon request the court will photocopy the certified order in the file for it.
*847 The court turns to defendant’s demand for relief in the alternative. His demand for preclusion of voice identification testimony, or a suppression hearing to suppress voice identification testimony, is denied. When the parties are known to each other identification is not an issue.
The demand for a hearing on the Sandoval issue is granted. The hearing is to be held immediately prior to trial. The People are to furnish the material required pursuant to CPL 240.43 at the time therein specified.
Defendant’s demand for leave to make additional pretrial motions is denied as premature. To make additional pretrial motions, when they are made, defendant must satisfy the requirements of CPL 255.20 (2) and (3).