The People of the State of New York, Appellant, 
against
Rebecca Kane, Respondent.




Orange County District Attorney (Andrew R. Kass, Esq.), for appellant.
Anthony R. Lobiondo, Esq., for respondent.

Appeal from an order of the Justice Court of the Town of Wallkill, Orange County (Patrick S. Owen, J.), dated February 2, 2015. The order granted defendant's motion to dismiss a prosecutor's information filed following the reduction of a felony complaint, and, upon such dismissal, to dismiss the restored felony complaint.




ORDERED that the order is modified, on the law, by providing that the branch of defendant's motion seeking to dismiss the restored felony complaint is denied; as so modified, the order is affirmed, and the matter is remitted to the Justice Court for a hearing upon the felony complaint.
Defendant was charged in a felony complaint with assault in the second degree (Penal Law § 120.05). Subsequently, the People made an application, pursuant to CPL 180.50, to reduce the felony complaint and file a new accusatory instrument that charged defendant with assault in the third degree (Penal Law § 120.00). The court granted the People's application and executed an order of reduction, finding that "the factual allegations of the felony complaint together with those of [the] annexed supporting deposition[], though providing reasonable cause to believe that [] defendant committed such misdemeanor [assault in the third degree] are not legally sufficient to support such misdemeanor charge [assault in the third degree]," and [*2]requesting the complainant of the felony complaint to file with the court "a misdemeanor complaint charging [] defendant with such non-felony offense, and any supporting deposition supporting or accompanying the felony complaint shall be deemed also to support or accompany said misdemeanor complaint." Instead of filing the requested misdemeanor complaint, the People filed a prosecutor's information charging defendant with three counts of assault in the third degree in violation of Penal Law § 120.00 (1), (2), and (3), respectively, and one count of criminal possession of a weapon in the fourth degree in violation of Penal Law § 265.01.
Defendant subsequently moved, pursuant to CPL 170.35, to dismiss the prosecutor's information on the ground that it had not been filed pursuant to the Justice Court's reduction order, and, upon such dismissal, to dismiss the restored felony complaint, pursuant to CPL 100.40 and 180.50, on the ground that it was insufficient on its face. The People conceded that the felony complaint was facially insufficient. However, the People opposed the branch of the motion seeking to dismiss the prosecutor's information, contending that the proposed reduction order, which the People had submitted to the court on a pre-printed form, contained a clerical error, in that the box contained in the proposed reduction order directing the People to file a prosecutor's information had inadvertently not been checked and, instead, the box requesting the complainant of the felony complaint to file a misdemeanor complaint had been checked. The People argued that this clerical error should be overlooked and the prosecutor's information be deemed valid. By order dated February 2, 2015, the Justice Court granted the branch of defendant's motion seeking to dismiss the prosecutor's information, finding that it was a legal nullity since the People could not, on their own volition, and without direction from the court, replace a felony complaint with a prosecutor's information. The court also granted the branch of defendant's motion seeking to dismiss the felony complaint as the People had conceded that it was facially insufficient. The People appeal, once again contending that they had merely made a clerical error when drafting the proposed reduction order and now asserting that, in the alternative, the prosecutor's information, together with the two supporting depositions, should be deemed to be a misdemeanor information. Additionally, the People argue that the Justice Court did not have the authority to dismiss the felony complaint as facially insufficient.
CPL 180.50 provides the mechanism for reducing charges in a felony complaint to offenses other than felonies (see People v Yolles, 92 NY2d 960, 961 [1998]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]). The local criminal court, upon the consent of the prosecutor, must first inquire into whether the facts and evidence provide a basis for charging a nonfelony offense (see CPL 180.50 [1]; Yolles, 92 NY2d at 961). Only if the court is satisfied, after such an inquiry, that there is reasonable cause to believe that the defendant committed a nonfelony offense may the court order the indicated reduction (see CPL 180.50 [2]; Yolles, 92 NY2d at 961). Next, pursuant to CPL 180.50 (3), the court is obligated to make a finding as to whether the factual allegations of the felony complaint and/or any supporting depositions were legally sufficient to support the charge that the defendant had committed the nonfelony offense, which decision governs the manner in which the reduction is accomplished. If, for example, the court determines that the factual allegations of the felony complaint and/or any supporting depositions are legally sufficient to support a charge that the defendant committed [*3]the nonfelony offense in question, the court can direct the People to file a prosecutor's information charging the defendant with such nonfelony offense (see CPL 180.50 [3] [a] [i]), or request that the complainant of the felony complaint file an information charging the defendant with such nonfelony offense (see CPL 180.50 [3] [a] [ii]); or convert the felony complaint into an information by making notations upon it or attached thereto (see CPL 180.50 [3] [a] [iii]). However, if the nonfelony offense in question is a misdemeanor, and if the factual allegations of the felony complaint together with those of any supporting depositions, though providing reasonable cause to believe that the defendant committed such misdemeanor are not legally sufficient to support such misdemeanor charge, the court may cause such felony complaint to be replaced by or converted to a misdemeanor complaint charging the misdemeanor in question only by requesting that the complainant of the felony complaint file an information charging the defendant with such nonfelony offense or by converting the felony complaint into an information by making notations upon it or attached thereto (see CPL 180.50 [3] [b]). Consequently, where the factual allegations contained in the felony complaint are not legally sufficient to support the nonfelony charge, the court may not direct the prosecutor to file a prosecutor's information, as it is not, under such circumstances, one of the available statutory options (compare CPL 180.50 [3] [b] with CPL 180.50 [3] [a] [i]; see People v Yul Oh, 141 Misc 2d 496 [Crim Ct, NY County 1988]). Moreover, there is no provision in the Criminal Procedure Law allowing the District Attorney on his own volition, without any direction from the court, to replace a felony complaint with a prosecutor's information (see People v Young, 123 Misc 2d 486 [Crim Ct, Bronx County 1984]; People v Thomas, 107 Misc 2d 947 [Suffolk Dist Ct 1981]; cf. CPL 100.10 [3]; 100.50). Furthermore, an attempted reduction of a felony complaint, even if acquiesced to by defendant, not done pursuant to the requirements of CPL 180.50 is invalid and of no legal effect (see People ex rel. Leventhal v Warden of Rikers Is., 102 AD2d 317 [1984]; People v Grune, 164 Misc 2d 1047 [App Term, 2d Dept, 9th & 10th Jud Dists 1995]; People v Minor, 144 Misc 2d 846 [App Term, 2d Dept, 2d & 11th Jud Dists 1989]).
Here, before ordering the complainant of the felony complaint to file a misdemeanor complaint charging defendant with assault in the third degree, the court first made a finding that the factual allegations of the felony complaint, together with those of the annexed supporting deposition, were not legally sufficient to support that misdemeanor charge. Thus, the People's contention that they had merely made a scrivener's error when drafting the proposed order of reduction, having intended to check off the box directing them to file a prosecutor's information lacks merit, as this course of action was not even a legal possibility under CPL 180.50 (3) (b). Rather, the claimed error would have had to consist of, not only neglecting to check off that box, but also failing to check off the box on the proposed order of reduction finding that the factual allegations of the felony complaint were legally sufficient to support the misdemeanor charge of assault in the third degree, thereby making the filing of a prosecutor's information an option to them pursuant to CPL 180.50 (3) (a). Therefore, the error was far more fundamental than the People claim, as it went to the heart of the process of reduction and was not just a matter of requesting the wrong instrument to be filed, but was also the difference between whether or not the court had found that the felony complaint supported the misdemeanor charge. Consequently, since, upon the reduction of the felony complaint, the People improperly filed a prosecutor's [*4]information instead of an information from the complainant, as requested by the court, the prosecutor's information was properly dismissed by the Justice Court.
With respect to the People's contention that, alternatively, the prosecutor's information, together with the two supporting depositions, should be deemed to be a misdemeanor information, they did not raise this argument before the Justice Court, and did not even seek an opportunity to subsequently file a misdemeanor information.
By operation of law, since the filing of the prosecutor's information was of no legal effect, no reduction was accomplished and thus the felony complaint remains pending (see Warden of Rikers Is., 102 AD2d 317; Grune, 164 Misc 2d 1047; Minor, 144 Misc 2d 846; Young, 123 Misc 2d 486). However, upon dismissing the prosecutor's information, the Justice Court entertained the branch of defendant's motion seeking to dismiss the felony complaint upon the ground of facial insufficiency and granted the motion based on the People's concession, made in opposition to the motion. Yet, a dismissal of a felony complaint, based upon a lack of reasonable cause to believe that the defendant had committed a felony, can only occur after a hearing (see CPL 180.70 [4]).
Accordingly, the order is modified by providing that the branch of defendant's motion seeking to dismiss the restored felony complaint is denied; as so modified, the order is affirmed, and the matter is remitted to the Justice Court for a hearing upon the felony complaint.
BRANDS, J.P., TOLBERT and GARGUILO, JJ., concur.
ENTER:
Paul Kenny
Chief Clerk
Decision Date: August 24, 2017